UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Siegfreid Lewis,  Civ. No. 4:18-cv-00510 JWB

    Plaintiff,

v.  **AMENDED TRIAL NOTICE AND PRETRIAL ORDER**

Arkansas State Police,

    Defendant.

This matter is now scheduled for trial beginning on **October 15, 2024**, beginning at 9:30 a.m. in Courtroom 2A, Richard Sheppard Arnold United States Courthouse, 500 West Capitol, Little Rock, Arkansas 72201. The case will be tried to a twelve-member jury.

**PRETRIAL CONFERENCE**

Judge Blackwell will conduct a zoom pretrial conference on **October 9, 2024 at 2:00 p.m**. All attorneys who will try the case or present any aspect of it must attend the final pretrial conference. Chambers will email counsel telephone instructions.

**FINAL SETLEMENT CONFERENCE**

The parties must schedule a final settlement conference with the Magistrate Judge so that it is held before the pretrial conference.

**TRIAL INSTRUCTIONS**

    1. **Submitting Documents.** All documents must be filed electronically and served on all parties.

    2. **Trial Briefs.** Each party may but is not required to submit a trial brief. Any trial brief must be filed and served by **September 30, 2024**.

    3. **Exhibits.**

        a. By **September 23, 2024**, the parties must exchange their initial exhibit list via email, using Form AO 187, identifying the exhibits

they intend to offer at trial, and make those exhibits available to the other parties for examination and copying.

b. By **September 27, 2024**, the parties shall exchange objections to the other side's exhibit list. The parties shall confer and attempt to work through objections before presenting any remaining objections to the Court for resolution at the start of trial. Any exhibit not objected to, and those with objections resolved by the Court, shall be deemed admitted as to foundation for the purposes of trial, subject to relevance objections.

c. The parties' final exhibit lists, submitted using Form AO 187 Exhibit List, shall be filed on **September 30, 2024**, and shall include: the exhibit number to be used at trial, a description, the deposition number where applicable, and Bates range of the document. The list must indicate the exhibits the parties agree are admissible. For the exhibits not agreed on, the list shall include the grounds for objection Demonstrative exhibits will not be included on the exhibit lists.

If exhibits are offered at trial, the following procedures must be followed:

(i) Plaintiff must mark its first exhibit as "P-1" and number the others sequentially. Defendant must mark its first exhibit as "D-1" and do likewise. The case number must appear on each exhibit.

(ii) Only exhibits that are identified on the exhibit list filed with the Court may be offered at trial, unless the omission is excused for good cause.

(iii) Any document that on its face appears to have been authored or prepared by an employee, officer, or agent of a party—including but not limited to documents bearing a party's letterhead, logo, or email address—shall be deemed authentic, subject to the right of the party against whom such a document is offered to introduce evidence to the contrary.

(iv) A party may use an exhibit listed on the other party's exhibit list to the same effect as though it were listed on the party's own exhibit list.

      (v)      Demonstratives must be shared by 9:00 a.m. one court day in advance of their planned use.

      (vi)     Exhibits to be used in Opening Statements must be exchanged a full two days prior.

      (vii)    The parties shall allow for an inspection of all physical exhibits (e.g. computers) they intend to use at trial by 7:00 p.m. the day before such physical exhibits are first used, unless the parties agree to alternate arrangements. The parties' objections to the physical exhibits, if any, shall be exchanged no later than 9:00 p.m. The parties will present any unresolved objections to the Court the morning of the proposed use of the physical exhibit.

4. **Witness Lists.**

    a.    By **September 23, 2024**, the parties must exchange witness lists. Each party will make a reasonable and good-faith attempt to disclose witnesses who will be called live or by deposition designation.

    b.    By **September 30, 2024**, each party must file a list of the names of the witnesses the party intends to call at trial, as well as a brief description of the substance of the expected testimony of each witness.

    c.    The witness list should be submitted using Form AO 187 Witness List.

    d.    For witnesses who require a language interpreter or other special needs service, indicate the applicable language or service.

    d.    The following procedures must be followed at trial:

      (i)      Any person who is not identified on a party's witness list may not testify at trial, unless the omission is excused for good cause.

      (ii)     A party is not required to call a listed witness to testify. Either party may call (by cross-examination) any witness identified on the other party's witness list if that witness appears live at trial.

       (iii)    By 9:00 a.m. two calendar days before the start of their case-in-chief, each party will make a good-faith effort to disclose, via email, the expected order of its witnesses called either live or by designation. The parties may modify this notice requirement by joint agreement without leave of the Court.

       (iv)    Fact witnesses may not be present in court for the testimony of other witnesses, and may not be provided with transcripts or summaries of the testimony of other witnesses, with the exception of either expert witnesses or a party's officer or employee designated as its representative for the trial.

5. **Deposition Designations and Counter-Designations.**

    a. By **September 23, 2024**, each party shall file a pleading identifying the page and line of their affirmative deposition designations. Any deposition testimony that is not identified on a party's list may not be offered at trial, unless the omission is excused for good cause.

    b. By **September 27, 2024**, each party shall file a pleading identifying the page and line of their fairness and counter-designations, and any objections to the other party's affirmative designations.

    c. Two days after receipt of the counter-designations, the parties shall provide objections (if any) to those counters and may file additional fairness and counter-designations in response, so long as such designations are reasonable and narrow.

    c. The parties will exchange PDFs of the condensed format of the deposition transcripts, highlighting the lines that are designated, and employing a color key distinguishing affirmative designations from counters as may be agreed to by the parties.

    d. By **September 30, 2024**, the parties shall file a single document containing all deposition designations and counter-designations in one transcript, highlighted per the agreed-upon color key.

    d. In submitting designations and counter-designations, the parties do not waive their rights to propose additional deposition designations to establish the foundation and authenticity of an exhibit, to the extent the admissibility of a particular document is challenged.

4

   f. During trial, each party may present its deposition designations in the order that it chooses, and is not required to play the other side's counter-designations as part of a continuous segment.

 6. **Stipulations and Settlement.** The parties are strongly encouraged to meet in advance of trial, to make every effort to settle the case, and, if settlement is not reached, to make every effort to agree on as many trial-related matters as possible, such as facts that may be treated as established and exhibits that may be treated as authentic. Any stipulations of the parties must be **jointly** filed by **September 30, 2024**, in writing and signed**.** The Court will not enforce stipulations not in writing and not signed by both sides.

 7. **Proposed Voir Dire.** Each party must file any questions that it requests the Court ask prospective jurors during voir dire examination by **September 30, 2024.** Proposed questions must be e-mailed to blackwell_chambers@mnd.uscourtsgov.

 8. **Joint Introduction to the Case.** For jury trials, by **September 30, 2024**, the parties must **jointly** file a proposed introduction to the case that Judge Blackwell can read to prospective jurors during voir dire. The introduction should briefly describe the parties, the major issues, the Plaintiff's position, and the Defendant's position, and must not exceed one page. The joint proposed introduction to the case must be e-mailed to blackwell_chambers@mnd.uscourts.gov.

 9. **Joint List of Parties, Attorneys, and Witnesses.** For jury trials, by **September 30, 2024**, the parties must **jointly** file an alphabetized list of the names of all parties, attorneys, and witnesses. Judge Blackwell may provide that list to prospective jurors during voir dire. The joint list of parties, attorneys, and witnesses must be e-mailed to blackwell_chambers@mnd.uscourts.gov.

 10. **Joint Proposed Jury Instructions.** For jury trials, no later than **September 23, 2024**, the parties must exchange proposed jury instructions. The parties must then meet and confer and make every effort to resolve disagreements over those proposed instructions. The parties must **jointly** file **one** set of proposed jury instructions by **September 30, 2024.** The proposed instructions must be e-mailed to blackwell_chambers@mnd.uscourts.gov.

   a. Each proposed instruction must be numbered, appear on a separate page, and identify supporting legal authority.

   b. Instructions or parts of instructions on which the parties agree must appear in plain type.

   c. If a party seeks (over objection) to have language added to or deleted from an instruction, the proposed change must show (through red-lining, underlining, strikeouts, or other similarly effective typographic methods) how the proposal differs from another proposal. The primary legal authority on which the party relies must be provided and clearly associated with each party's proposals.

  11. **Proposed Special Verdict Form.** For jury trials, the parties must attempt to agree on a proposed special verdict form. If they are in agreement, that form must be filed by **September 30, 2024.** If not, the parties must file their own proposed forms by **September 30, 2024**. The proposed special verdict form(s) must be e-mailed to blackwell_chambers@mnd.uscourts.gov.

Date: March 6, 2024           *s/ Jerry W. Blackwell*
                     JERRY W. BLACKWELL
                     United States District Judge

## SUMMARY OF DEADLINES

**BY MONDAY, September 23, 2024:**

- ☐ Exchange initial exhibit lists and make exhibits available to the other side
- ☐ Exchange witness lists
- ☐ File a pleading identifying the page and line of the party's affirmative deposition designations
- ☐ Exchange proposed jury instructions

**BY FRIDAY, September 27, 2024:**

- ☐ Exchange objections to the other side's exhibit list
- ☐ File a pleading identifying the page and line of the party's fairness and counter-designations and any objections to the other party's affirmative designations

**BY MONDAY, September 30, 2024:**

File and serve:

- ☐ Trial briefs
- ☐ Final lists of exhibits
- ☐ Final Witness lists
- ☐ Joint deposition designations and counter-designations
- ☐ Proposed Voir Dire questions
- ☐ Joint Introduction to the Case
- ☐ Joint list of parties, attorneys, and witnesses
- ☐ Joint proposed jury instructions
- ☐ Joint proposed special verdict forms
- ☐ Joint stipulations of the parties

**Send to Judge Blackwell's Chambers**:
- ☐ *Via overnight delivery:* All exhibits and documents in electronic form (i.e., via a USB flash drive).

**Send to U.S. District Court Clerk's Office**, **Eastern District of Arkansas**, Attention Katelyn Hays, 600 W. Capitol Avenue, Room A149, Little Rock, Arkansas, 72201:
- ☐ One courtesy hard copy of exhibits and two courtesy hard copies of all other documents filed and served.

- ☐ *Via e-mail to blackwell_chambers@mnd.uscourts.gov*: The proposed voir dire questions; joint introduction to the case; joint list of parties, attorneys, and witnesses; proposed jury instructions; proposed special verdict forms.