# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SIEGFREID LEWIS**                                                                                         **PLAINTIFF**

**v.**                           **CASE NO. 4:18-cv-00510-JWB**

**ARKANSAS STATE POLICE**                                                                    **DEFENDANT**

### DEFENDANT'S COUNTER-DESIGNATIONS AND OBJECTIONS TO PLAINTIFF'S AFFIRMATIVE DEPOSITION DESIGNATIONS

Defendant Arkansas State Police ("ASP") submits following objections to Plaintiff's Affirmative Deposition Designations[1] and makes counter-designations as follows:

**Plaintiff's Affirmative Deposition Designations and ASP's Counter-Designations[2]**

| Witness | Deposition Page and Line Numbers |
|---|---|
| Lynn Breckenridge | P. 13 l. 1 - 18; p. 26 l. 2 – 25; p. 27 l. 1 – 23; p. 55 l. 1 – 25; p. 56 l. 1 – 5; p. 76 l. 13 – 25; p. 77 l. 1 – 11. |
| Counter-designation | pg. 11:23-25; 12:1-2; 46:10-21; 56:13-23; 56:11-15; 75:2-13; 77:15-18. |
| Gregory Downs | P. 82 – p. 89 l. 1 – 3. |
| Counter-Designations | None |

---

[1] The Second Amended Trial Notice and Pretrial Order states "each party shall file a pleading identifying the page and line of their affirmative deposition designations" by August 30, 2024. Doc. 122. Counsel for Plaintiff did email Plaintiff's Affirmative Deposition Designations to counsel for ASP on August 30, 2024. However, Plaintiff's Affirmative Deposition Designations were not filed until after 3:00 p.m. on September 3, 2024. It is ASP's understanding that failure to follow the Court's Second Amended Trial Notice and Pretrial Order is grounds to exclude Plaintiff's Affirmative Deposition Designations.

[2] ASP's counter-designations are only in the event the Court overrules ASP's Objections to Plaintiff's Affirmative Designations.

**Objections to Affirmative Designations**
**of Deposition of Lynn Breckenridge**

ASP objects to any of Lynn Breckenridge's deposition being submitted in lieu of live testimony because nothing suggests that Lynn Breckenridge is an unavailable witness under Fed. R. Civ. P. 32(a)(4).

ASP objects to page 13, lines 1-18 of Breckenridge's deposition because it is inadmissible character evidence from a witness who never directly worked with Plaintiff. (pg. 11:24 – 12:2 of Lynn Breckenridge's Deposition).

ASP objects to the affirmative designations of Lynn Breckenridge's Deposition because the testimony is not based on the witness's personal knowledge as required by Fed. R. Evid. 602. The only personal knowledge that Lynn Breckenridge has regarding Plaintiff's claim is what he was told by Plaintiff.

ASP objects to the affirmative designations of Lynn Breckenridge's Deposition because the testimony of what Plaintiff told him is inadmissible hearsay since it is being offered by Plaintiff and not against Plaintiff. Fed. R. Evid. 801(b)(2).

ASP objects to pg. 27:6-14 because testimony that Plaintiff missed merit pay increases due to his evaluation is inadmissible because it is irrelevant to Plaintiff's remaining claim and because Plaintiff never disclosed any evidence of economic damages in discovery. In response to Interrogatories, Plaintiff stated in response to Interrogatory No. 10, "damages have not been calculated in this matter. It is anticipated that Plaintiff will seek relief for his claims against Defendants in the form of lost wages; pre-judgment interest; liquidated damages; punitive damages; attorney's fees and costs." Doc. 98-1. In response to Request for Production No. 9

asking for documents supporting damages calculations, Plaintiff stated that he would submit damages calculations upon completion. Doc. 98-1. Then at Plaintiff's deposition, he testified that he would rely on his expert for all economic damages claims. Doc. 98-2. Plaintiff did not timely provide any damages calculations or evidence. See Doc. 98. Therefore, any evidence of economic damages must be excluded at trial.

Additionally, evidence that Plaintiff missed out on merit pay increases is not relevant to Plaintiff's claim that he was transferred from a patrol sergeant to a desk sergeant because of his race. Merit pay increases are based on performance evaluations not whether Plaintiff is a desk sergeant or patrol sergeant.

## Objections to Affirmative Designations of Deposition of Gregory Downs

ASP objects to Plaintiff's affirmative designations of Gregory Downs' Deposition because all the testimony designated is related to merit pay increases which not relevant to Plaintiff's race discrimination claim. As explained above, Plaintiff never disclosed any evidence or theories of economic damages in response to discovery. Plaintiff is thus precluded from seeking economic damages at trial.

Additionally, the designated testimony is outside the scope of the Rule 30(b)(6) Notice of Deposition under which Gregory Downs' deposition was taken. Also see Doc. 67 & Doc. 68. Questions about merit pay bonuses are outside the scope of the 30(b)(6) Notice of Deposition. The 30(b)(6) Notice of Deposition required ASP to designate a witness who could testify regarding "Implementation and Enforcement of Rules, Regulations, Policies and Procedures Governing the Hiring, Promotion, Making of

Personnel Assignments and Disciplinary Practices." Doc. 67-1. Merit pay increases based on performance evaluations are outside the scope of Plaintiff's Notice of Deposition. Therefore, Plaintiff's affirmative designations of the deposition of Gregory Downs should be excluded from trial.

Respectfully submitted,

TIM GRIFFIN
Attorney General

Carl F. "Trey" Cooper, III (Ark Bar No. 2007294)
Senior Assistant Attorney General
Laura Purvis (Ark Bar No. 2023239)
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-3658
Fax:     (501) 682-2591
Email:  trey.cooper@ArkansasAG.gov
Laura.purvis@ArkansasAG.gov

*Attorneys for Defendant, Arkansas State Police*
