IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**SIEGFRIED LEWIS**                                                                                     **PLAINTIFF**

v.                             CASE NO. 4:18-cv-510-BSM

**ARKANSAS STATE POLICE, et al.**                                                          **DEFENDANTS**

### PROPOSED JURY INSTRUCTIONS

1. Credibility of Witnesses               8TH CIR. CIVIL JURY INSTR. 3.03

2. Burden of Proof                        8TH CIR. CIVIL JURY INSTR. 3.04

3. Business Decision                      8TH CIR. CIVIL JURY INSTR. 5.02

4. Definition: Pretext                    8TH CIR. CIVIL JURY INSTR. 5.20

5. Definition: Motivating Factor          8TH CIR. CIVIL JURY INSTR. 5.21

6. Elements of Claim                      8TH CIR. CIVIL JURY INSTR. 5.40

7. Same Decision                          8TH CIR. CIVIL JURY INSTR. 5.01

8. Damages: Actual                        8TH CIR. CIVIL JURY INSTR. 5.70

9. Damages: Nominal                       8TH CIR. CIVIL JURY INSTR. 5.71

10. Consider Damages Only If Necessary    5TH CIR. PATTERN JURY INSTR. 15.1[1]

---

[1] Only Defendant wants this instruction.

**Proposed Jury Instruction No. ___1___**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time;1 whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether or not to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether contradiction is an innocent mis-recollection, or lapse of memory, or an intentional falsehood; and that may depend on whether it has to do with an important fact or only a small detail.

MODEL CIVIL JURY INSTRUCTIONS, 8TH CIRCUIT (2023) 3.03

**Proposed Jury Instruction No. __2__**

    **BURDEN OF PROOF**

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard of the term "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

MODEL CIVIL JURY INSTRUCTIONS, 8TH CIRCUIT (2023) 3.04

**Proposed Jury Instruction No.   3   **

    **BUSINESS JUDGMENT**

You may not return a verdict for the plaintiff just because you might disagree with the defendant's decision or believe it to be harsh or unreasonable.

MODEL CIVIL JURY INSTRUCTIONS, 8TH CIRCUIT (2023) – 5.02

    **Plaintiff's Proposal**

You may not return a verdict for the plaintiff just because you might disagree with the defendant's decision or believe it to be harsh or unreasonable <u>except to the extent the decision involved intentional discrimination.</u>

*Krenik,* 47 F.3d at 960; *Harvey,* 38 F.3d at 973; *Beith v. Nitrogen Products, Inc.,* 7 F.3d 701, 703 (8th Cir.1993); *Holley,* 771 F.2d at 1166 n. 8. *Hutson v. McDonnell Douglas Corp.,* 63 F.3d 771, 781 (8th Cir. 1995)

**Proposed Jury Instruction No.   4  **

   **DEFINITION: PRETEXT**

   You may find that the plaintiff's race was a motivating factor in the defendant's decision if it has been proved that the defendant's stated reasons for its decision are not the real reason, but are a pretext to hide race discrimination.

MODEL CIVIL JURY INSTRUCTIONS, 8TH CIRCUIT (2023) – 5.20

   **Plaintiff's Proposed Additions**

   A plaintiff may show pretext, among other ways, by showing that an employer treated a similarly-situated employee in a disparate manner. The employees used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.

   To demonstrate that the employee is similarly situated, Plaintiff need only establish that he or she was treated differently than other employees outside of Plaintiff's protected class whose violations were of comparable seriousness.

*Burton v. Arkansas Sec'y of State,* 737 F.3d 1219, 1231 (8th Cir. 2013); *Edwards v. Hiland Roberts Dairy, Co.,* 860 F.3d 1121, 1125–26 (8th Cir. 2017)

**Proposed Jury Instruction No.  5**

      **DEFINITION: MOTIVATING FACTOR**

As used in these instructions, the plaintiff's race was a "motivating factor," if the plaintiff's race played a part in the defendant's decision to reassign the plaintiff. However, the plaintiff's race need not have been the only reason for the defendant's decision to reassign the plaintiff.

      **Plaintiff's Proposal**

As used in these instructions, the plaintiff's race was a "motivating factor," if the plaintiff's race played a part in the defendant's decision <u>to take away Plaintiff's supervisory authority over Troopers and reassign him to a desk job</u>. However, the plaintiff's race need not have been the only reason for the defendant's decision to reassign the plaintiff.

MODEL CIVIL JURY INSTRUCTIONS, 8TH CIRCUIT (2023) – 5.21

**Proposed Jury Instruction No.  6**

    **ELEMENTS OF CLAIM**

Your verdict must be for plaintiff Siegfried Lewis and against defendant Arkansas State Police on plaintiff's claim that he was discriminated against because of his race if all the following elements have been proved:

*First*, the defendant reassigned the plaintiff to a desk sergeant position; and

*Second*, the plaintiff's race was a motivating factor in the defendant's decision.

If either of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim. You may find that the plaintiff's race was a motivating factor in the defendant's decision if it has been proved that the defendant's stated reasons for its decision are a pretext to hide race discrimination.

MODEL CIVIL JURY INSTRUCTIONS, 8ᵀᴴ CIRCUIT (2023) – 5.40

**Plaintiff's Proposal**

*First*, the defendant <u>took away Plaintiff's supervisory authority over State troopers and reassigned the plaintiff to a desk sergeant position</u>;

**Proposed Jury Instruction No.   7   **

    **SAME DECISION**

    If you find in favor of the plaintiff under Instruction _____, then you must answer the following question in the verdict form: Has it been proved that the defendant would have reassigned the plaintiff regardless of his race?


    **Plaintiff's Proposal**

    If you find in favor of the plaintiff under Instruction _____, then you must answer the following question in the verdict form: Has it been proved that the defendant would have reassigned the plaintiff <u>in the absence of the impermissible motivating factor</u>?

MODEL CIVIL JURY INSTRUCTIONS, 8TH CIRCUIT (2023) – 5.0

42 U.S.C. § 2000e-5(g)(2)(B)

**Proposed Jury Instruction No.   8**

**DAMAGES: ACTUAL**

If you find in favor of the plaintiff under Instruction _____ and if you answer "no" in response to Instruction _____, then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of the defendant's decision <u>to take away Plaintiff's supervisory authority over State troopers and reassigned the plaintiff to a desk sergeant duty</u>. The plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits the plaintiff would have earned in his employment with the defendant if he had not been reassigned on June 2, 2017, through the date of your verdict. – Defendant does not believe this language should be included because Plaintiff is precluded from putting on any evidence of economic damages.

*Second*, you must determine the amount of any other damages sustained by the plaintiff, such as <u>humiliation, embarrassment, mortification, emotional distress, and injury to professional reputation.</u> You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category. Defendant does not believe the evidence will support including the red underlined language.  If the evidence does support mental anguish, then including humiliation, embarrassment, mortification, and mental anguish is redundant and prejudicial.

You are also instructed that the plaintiff has a duty under the law to "mitigate" his damages - that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

MODEL CIVIL JURY INSTRUCTIONS, 8TH CIRCUIT (2019) – 5.70

**Proposed Jury Instruction No. \_\_\_9\_\_**

    **DAMAGES: NOMINAL**

    If you find in favor of the plaintiff under Instruction \_\_\_\_\_ and if you answer "no" in response to Instruction \_\_\_\_, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

MODEL CIVIL JURY INSTRUCTIONS, 8TH CIRCUIT (2019) – 5.71

**Defendant's Proposed Jury Instruction No. 10**

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the plaintiff, Siegfried, has proven his claim against defendant, Arkansas State Police, by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled, and how much should be assessed. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event that you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.


FIFTH CIRCUIT PATTERN JURY INSTRUCTION 15.1

Respectfully submitted,

TIM GRIFFIN
Attorney General


By:   Carl F. "Trey" Cooper, III (ABN 2007294)
      Senior Assistant Attorney General
      Laura Purvis  (ABN 2023239)
      Assistant Attorney General
      Office of the Arkansas Attorney General
      323 Center Street, Suite 200
      Little Rock, AR 72201
      Phone:  (501) 320-3085
      Fax:     (501) 682-2591
      Email: trey.cooper@arkansasag.gov
             laura.purvis@arkansasag.gov

*Attorneys for Arkansas State Police*

AND


/s/ Leonard Mungo
Leonard Mungo (P43562)
Mungo & Mungo at Law, PLLC
Attorney for Plaintiff
(248) 792 -7557
caseaction@mungoatlaw.com

*Attorneys for Siegfried Lewis*