IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SIEGFRIED LEWIS**                                                                 **PLAINTIFF**

vs.                                    Case No. 4:18-cv-510-BSM

**ARKANSAS STATE POLICE, JEFF SHEELER,**                **DEFENDANTS**
**MIKE HAGAR and WILLIAM J. BRYANT**

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND RESPONSES TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff Siegfried Lewis ("Plaintiff"), by and through his attorneys, and for his Answers to Defendant's First Set of Interrogatories and Responses to First Requests for Production of Documents, hereby states and alleges as follows:

**INTERROGATORY NO. 1:**    Please identify the name, address, telephone number, and occupation of each and every person known or believed by you or your attorney(s) to possess information regarding the matters alleged in your complaint, including damages, briefly indicating all facts each person is believed to know.

**ANSWER NO. 1:**    Objection. This Interrogatory is overbroad and not proportional in that it seeks identification of any person who possesses information regarding the matters or facts of Plaintiff's complaint, regardless of the significance of the knowledge or information may be. However, without waiving objection, please see Plaintiff's initial disclosures. Further, Defendants' management and human resources staff specifically will have knowledge of the matters asserted in Plaintiff's Complaint. Plaintiff objects to providing the addresses, occupations, and telephone numbers of

Page 1 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Response to First Requests for Production of Documents

EXHIBIT
1

Defendants' employees, as this information is more easily accessible by Defendant itself. Plaintiff will supplement his response hereto as discovery progresses.

**INTERROGATORY NO. 2:**     Please identify the name, address, telephone number, and occupation of each and every person whom you anticipate that you may call to testify on your behalf at the trial of this matter, regardless of whether any final decision has been made as to whom you will call, specifically designating whether he/she is an expert or a lay witness and the particular matters on which he/she may testify.

**ANSWER NO. 2:**     Counsel for Plaintiff have not yet determined what witnesses will be called at the trial of this matter. However, counsel designates Plaintiff and any witnesses named by Defendants. Plaintiff may also call Mike Hagar, Darran Austin, Michael Bain, Bobby Brown, Elvis Mull, Donald Johnson, Brian Williams, Alan Johnson, Jeffrey Plouch, Thomas Glover, Gregg Bray, Dennis Overton, William J. Bryant, and Brad Lann, Thomas Glover, Gregg Bray, Cheryl McNeary, Bryan Williams. The matters upon which these potential witnesses may testify about are specifically  unknown at this time, however each person will provide testimony to some degree pertaining to the allegations contained in Plaintiff's complaint. Plaintiff will rely upon his Expert CPA, Gary Grant to calculate his economic losses resulting from Defendants unlawful discrimination. Mr. Grant is in the process of assembling proper documents needed to complete his written report. His progress has been interrupted due to a serious health crises presently being experienced by his mother. These answers will be supplemented once the written report is completed.  Plaintiff will timely supplement this answer in accordance with the Federal Rules of Civil Procedure.

**Page 2 of 25**
**Siegfried Lewis v. Arkansas State Police, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM**
**Plaintiff's Answers to Defendant's First Set of Interrogatories and**
**Responses to First Requests for Production of Documents**

**REQUEST FOR PRODUCTION NO. 1:**   Please produce a copy of any and all documents or items that you may introduce as exhibits or otherwise rely upon at the trial of this matter, regardless of whether any final decision has been made as to the specific exhibits you will use.

**RESPONSE NO. 1:**   Objection. This Request is overly broad and vague. However, without waiving objection, counsel for Plaintiff has not yet determined which exhibits he will use at the trial of this matter but anticipates the use of any documents attached hereto or produced by any party. Plaintiff will timely supplement this answer in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:**   In your Complaint you make a number of references to "similarly situated Caucasian" sergeants or employees of ASP. Please describe in detail all instances that you contend defendant afforded to other similarly situated to you more favorable terms and conditions than plaintiff, including the names of each and every Caucasian employee whom you allege is similarly situated. State all evidence that supports your contention.

**ANSWER NO. 3:**   Objection. This interrogatory is vague, unduly burdensome, overly broad in that it requests information outside the scope of the relevant time period, and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff. Further, it is not possible to completely and accurately describe each and every instance that Defendant afforded more favorable working conditions to Caucasian employees without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. Subject to the foregoing objections, Plaintiff was scheduled on

Page 3 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

a daily basis to supervise three to four counties, from 10:00 a.m. to 8:00 p.m. This was not the case for Caucasian Sergeants in other troops who were given more favorable shifts and less territory to cover.

**REQUEST FOR PRODUCTION NO. 2:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 3.

**RESPONSE NO. 2:**   See objection to Interrogatory No. 3 which is incorporated herein by reference.

**INTERROGATORY NO. 4:**   With regard to the allegations contained in paragraph 37 of your Complaint, please describe in detail all instances in which you allege you were unfairly and discriminatorily impacted on the basis of race in regard to **transfers.** For each such instance, please include all relevant details, including but not limited to: the position for which a transfer was desired, the date of the desired transfer, the reason you desired the transfer, the employee who was responsible for making a decision on the transfer, the reason given as to why you did not receive the transfer, the identity of the employee who received the transfer, and any other relevant details.

**ANSWER NO. 4:**   Objection. This interrogatory is vague, unduly burdensome, overly broad in that it requests information outside the scope of the relevant time period, and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff. Further, it is not possible to completely and accurately describe each and every instance that Defendants afforded more favorable transfers to Caucasian employees without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be

Page 4 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

posed at that time. Subject to the foregoing objections, recipients of transfers were predetermined based on race, prior to postings.

**REQUEST FOR PRODUCTION NO. 3:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 4.

**RESPONSE NO. 3:**   See objection to Interrogatory No. 4 which is incorporated herein by reference.

**INTERROGATORY NO. 5:**   With regard to the allegations contained in paragraph 37 of your Complaint, please describe in detail all instances in which you allege you were unfairly and discriminatorily impacted on the basis of race in regard to **training.** For each such instance, please include all relevant details, including but not limited to: the training desired, the date of the desired training, the reason you desired the training, the employee who was responsible for making a decision on the training, the reason given as to why you did not receive the training, and any other relevant details.

**ANSWER NO. 5:**   Objection. This interrogatory is vague, unduly burdensome, overly broad in that it requests information outside the scope of the relevant time period, and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff. Further, it is not possible to completely and accurately describe each and every instance that Defendants afforded more favorable decisions regarding training to Caucasian employees without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. Subject to the foregoing objection, Plaintiff states that other Caucasian employees were selected for training at the FBI Academy or

**Page 5 of 25**
**Siegfried Lewis v. Arkansas State Police, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM**
**Plaintiff's Answers to Defendant's First Set of Interrogatories and**
**Responses to First Requests for Production of Documents**

North Western School of Command at a disproportionate rate to their African American counterparts.

**REQUEST FOR PRODUCTION NO. 4:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 5.

**RESPONSE NO. 4:**   See objection to Interrogatory No. 5 which is incorporated herein by reference. Further, Defendants are in possession of many documents which would are responsive to this request.

**INTERROGATORY NO. 6:** With regard to the allegations contained in paragraph 37 of your Complaint, please describe in detail all instances in which you allege you were unfairly and discriminatorily impacted on the basis of race in regard to **special assignments.** For each such instance, please include all relevant details, including but not limited to: the special assignments desired, the date of the desired special assignments, the reason you desired the special assignments, the employee who was responsible for making a decision on the special assignments, the reason given as to why you did not receive the special assignments, and any other relevant details.

**ANSWER NO. 6:**   Objection. This interrogatory is vague, unduly burdensome, overly broad in that it requests information outside the scope of the relevant time period, and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff. Further, it is not possible to completely and accurately describe each and every instance that Defendants afforded more favorable special assignments to Caucasian employees without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. Subject to the foregoing objection, Plaintiff states that other

Page 6 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

Caucasian employees were selected for special assignments at a disproportionate rate to their African American counterparts.

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents that support or otherwise relate to your response to Interrogatory No. 6.

**ANSWER REQUEST NO. 5:**    See objection to Interrogatory No. 6 which is incorporated herein by reference. Further, Defendants are in possession of many documents which would are responsive to this request.

**INTERROGATORY NO. 7:** With regard to the allegations contained in paragraph 37 of your Complaint, please describe in detail all instances in which you allege you were unfairly and discriminatorily impacted on the basis of race in regard to **discipline.** For each such instance, please include all relevant details, including but not limited to: the date of the disciplinary incident, the employee who was responsible for making a decision on the discipline, the reason given as to why you received discipline, and any other relevant details.

**ANSWER NO. 7:**    Objection. This interrogatory is vague, unduly burdensome, overly broad in that it requests information outside the scope of the relevant time period, and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff. Further, it is not possible to completely and accurately describe each and every instance that Defendants afforded less strict disciplinary measures to Caucasian employees without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. Subject to the foregoing objection, Plaintiff lists the following examples of disparate disciplinary treatment which is not an exhaustive list:

Page 7 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

1) Plaintiff recently received a Letter of Reprimand for his ASP Unit being broken into and was charged with violation of Policy in securing the weapon. The weapon was recovered. This was Plaintiff's first infraction of a newly formed Policy and had not been issued a ASP Gun Locks. As such, a Letter of Warning could have been issued. Instead, a Letter of Reprimand was issued which eliminates Plaintiff's likelihood of being selected for a merit increase.

2) On June 02, 2017, Plaintiff attended a meeting with Lieutenant Jeff Sheeler and Captain Mike Hagar. The meeting was held that afternoon before rush hour in Lieutenant Sheeler's office. He explained [to Plaintiff] the purpose of the meeting and the decisions that he had made with the approval of the captain. As the parties read over the memo titled Job Performance and Insubordination, it was vague and non-specific and gave a random date of 2014. The performance evaluations are to cover a period of time and not just one or two incidents that occur during a section of the rating period.

3) All of the Sergeants at Troop A, due to increasing work load, would submit their reports late. However, Caucasian Sergeants would be allowed time or tolerance to complete and/or submit the reports or documents without issue because of their race.

**REQUEST FOR PRODUCTION NO. 6:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 7.

**RESPONSE NO. 6:**   See objection to Interrogatory No. 7 which is incorporated herein by reference. Further, Defendants are in possession of many documents which would are responsive to this request.

Page 8 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

**INTERROGATORY NO. 8:**   With regard to the allegations contained in paragraph 37 of your Complaint, please describe in detail all instances in which you allege you were unfairly and discriminatorily impacted on the basis of race in regard to **rate of promotions and/or merit increases.** For each such instance, please include all relevant details, including but not limited to: the date of the desired rate of promotions and/or merit increases, the employees who were responsible for making decisions on the rate of promotions and/or merit increases, the reason given as to why you did not receive a rate of promotions and/or merit increases, all similarly situated employees whom you allege received rate of promotions and/or merit increases to which you believe you were entitled, and any other relevant details.

**ANSWER NO. 8:**   Objection. This interrogatory is vague, unduly burdensome, overly broad in that it requests information outside the scope of the relevant time period, and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff. Further, it is not possible to completely and accurately describe each and every instance that Defendants promoted or provided merit increases to Caucasian employees without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time.

**REQUEST FOR PRODUCTION NO. 7:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 8. Further, Defendants are in possession of many documents which would are responsive to this request.

Page 9 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

**RESPONSE NO. 7:**   See objection to Interrogatory No. 8 which is incorporated herein by reference. Further, Defendants are in possession of many documents which would are responsive to this request.

**INTERROGATORY NO. 9:**   With regard to the allegations contained in paragraph 37 of your Complaint, please describe in detail all instances in which you allege you were unfairly and discriminatorily impacted on the basis of race in regard to **performance evaluations.** For each such instance, please include all relevant details, including but not limited to: the date of the performance evaluations, the employees who were responsible for making decisions on the performance evaluations, the reason given as to why you did not receive a better performance evaluation, all similarly situated employees whom you allege received more favorable performance evaluations, and any other relevant details.

**ANSWER NO. 9:**   Objection. This interrogatory is vague, unduly burdensome, overly broad in that it requests information outside the scope of the relevant time period, and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff. Further, it is not possible to completely and accurately describe each and every instance that Defendants afforded more favorable performance evaluations to Caucasian employees without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time.

**REQUEST FOR PRODUCTION NO. 8:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 9.

Page 10 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

**RESPONSE NO. 8:**   See objection to Interrogatory No. 9 which is incorporated herein by reference. Further, Defendants are in possession of many documents which would are responsive to this request.

**INTERROGATORY NO. 10:**   Please specify by category and amount the economic damages you claim to have sustained as a result of the conduct alleged in your Complaint, stating in detail the method by which you have computed those economic damages.

**ANSWER NO. 10:**   Objection. This objection is vague, unduly burdensome, overly broad, and is improper in this is requires legal expertise and/or knowledge on the part of Plaintiff and calls for a legal conclusion. Subject to the foregoing objection, damages have not yet been calculated in this matter. It is anticipated that Plaintiff will seek relief for his claims against Defendants in the form of lost wages; pre-judgment interest; liquidated damages; punitive damages; attorney's fees and costs.  Calculations of pre-judgment interest would flow from the above figures. Attorney's fees and costs cannot be completely known at this time. Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 9:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 10.

**RESPONSE NO. 9:**   See objection to Interrogatory No. 10 which is incorporated by reference. Subject to the foregoing objection, Plaintiff will submit a damages calculation upon its completion.

**INTERROGATORY NO. 11:**   Please describe in detail how Plaintiff's work environment is "hostile." Provide the dates of and specifically describe all incidents in

Page 11 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

which you allege Defendants have acted in a manner which creates a hostile work environment.

**ANSWER NO. 11:**   Objection. This interrogatory is vague, unduly burdensome, overly broad in that it requests information outside the scope of the relevant time period, and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff. Further, it is not possible to completely and accurately describe each and every instance that Defendants created a hostile work environment for Plaintiff without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. However, without waiving objection, Defendants subjected Plaintiff to constant criticism and discriminatory treatment by refusing him accommodation, promotion, or any form of encouragement.

**REQUEST FOR PRODUCTION NO.  10:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 11.

**RESPONSE NO. 10:**   See objection to Interrogatory No.11 which is incorporated herein by reference.

**INTERROGATORY NO. 12:**   In paragraph 36 of your Complaint, you allege that in June 2017, Defendant Sheeler "cursed at Plaintiff in violation of Department policy." With regard to such allegation, please describe: the conversation that took place between Plaintiff and Defendant Sheeler, including reason for the conversation and the specific words used by both parties; any witnesses who were present at the time; the specific Department policy you allege Defendant Sheeler violated, and any other relevant details.

Page 12 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

**ANSWER NO. 12:**  Objection. Defendants request is overly broad in that it requests information in such minute detail that it is impossible to completely answer within the confines of an interrogatory without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. Subject to the foregoing objection, Plaintiff states as follows:

In the summer of 2017, I was working on a report to submit to Defendant Sheeler. Defendant Sheeler was out of the headquarters for a few days and when he returned, I submitted the file to him. He began to review the file and saw that it wasn't complete and he was greatly irritated.

The next day, he called me into his to his office and stated, "you gave me some shit!" I paused and said "you asked for the report." He said he was returning it for me to complete it and I said that I needed time to complete the report. Then he asked why did I give Lt. Austin a complete report and I said I was allowed time to do it.

Around June 2, 2017, I was called into Defendant Sheeler's office again, this time for a counseling session/ performance review. He asked why do I continue to defy him and I stated that I am not defying him as the conversation went on. Captain Mike Hagar in attendance. We covered my Corrective Action Plan and what actions that he deemed necessary to take against me and when they would take effect and asked if I had anything to say. I initially said no but simply commented that they had already decided what and when they were going to do so what's the point of me talking and about that time. Defendant Sheeler apparently didn't like my attitude and/or response to the situation and

Page 13 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

violently slammed his hand down of the desk to show his dissatisfaction with me and shouted "God Damnit"!

I looked up in amazement, to make sure he wasn't coming to attack me, then I looked over at Captain Hagar who did nothing to prevent the situation from escalating. I then asked, "Are we done here?" Knowing that we have policy and procedures for dealing with situations like this, I thought or felt that Captain Hagar seeing his Lieutenant out of control would step in but no action was taken. To prevent the situation from possibly escalating of the fear of more reprisal or being attacked, I felt it best I leave the room, excused or not.

I immediately went to my office and sent an email to another Captain in Administrative Services to document this occurrence and wait to see if Captain Hagar would address it. Again, no action taken that I was made aware of.

**INTERROGATORY NO. 13:** To the extent not previously disclosed in response to another Interrogatory, if you contend that any employment actions affecting you taken by defendant were discriminatory, please identify each alleged employment action that involved discrimination; the nature of the alleged discrimination (e.g., race, gender, age); the dates of each alleged discriminatory action; the persons engaging in each alleged discriminatory action; whether you reported the alleged discrimination and, if so, to whom and when; and all facts upon which you base your claims of discrimination, including but not limited to, the name, address, and telephone number of each individual with knowledge of those facts, and the identity of all documents evidencing those facts.

**ANSWER NO. 13:** Objection. This interrogatory is vague, unduly burdensome in that it is requesting that Plaintiff muster each and every fact which he is aware of

Page 14 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

demonstrating discrimination on behalf of Defendants. Further, it overly broad in that it is not sufficiently limited in time or scope. It is also improper in that it requires legal expertise and/or knowledge on the part of Plaintiff and calls for a legal conclusion. Further, it is not possible to completely and accurately describe each and every employment action affecting Plaintiff and taken by Defendants which were discriminatory without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. However, without waiving objection, Plaintiff directs Defendant to Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO.  11:** Produce all documents that support or otherwise relate to your response to Interrogatory No. 13.

**RESPONSE NO. 11:**   See objection to Interrogatory No.13 which is incorporated herein by reference. Further, Defendants are in possession of many documents which would are responsive to this request.

**INTERROGATORY NO. 14:** To the extent not previously disclosed in response to another Interrogatory, if you contend that any employment actions affecting you taken by defendants were in retaliation, please identify each alleged employment action that involved retaliation; the nature of the alleged retaliation, please identify each alleged retaliation; the date of each alleged retaliatory action; the person engaging in each retaliatory action; whether you reported the alleged retaliatory action and, if so, to whom and when; and all facts upon which you state your claims of retaliation, including but not limited to, the name, address, and telephone number of each individual with knowledge of those facts, and identity of all documents evidencing those facts.

Page 15 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

**ANSWER NO. 14:**   Objection. This interrogatory is vague, unduly burdensome, overly broad and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff and calls for a legal conclusion. Further, it is not possible to completely and accurately describe each and every employment action affecting Plaintiff and taken by Defendants which were retaliatory without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. However, without waiving objection, Plaintiff directs Defendant to Plaintiff's Complaint. Further, beginning in the spring of 2016, Defendant retaliated against Plaintiff in some of the following ways (although not intended to be an exhaustive list):

1) Lt. Sheeler began to dictate how Plaintiff should handle incidents with his personnel;

2) Defendant gave Plaintiff's newly assigned office to a white male officer, and moved Plaintiff to the office next to the evidence vault where Plaintiff had to constantly live with the smell of marijuana;

3) When the smell of marijuana became unbearable for Plaintiff, he asked for and was granted another office space, but the space was later assigned to a newly promoted white male sergeant, and Plaintiff had to remain in the marijuana smelling office.

4) The Corrective Action Plan, which Plaintiff was placed on indefinitely, placed plaintiff in constant conflict with the duties assigned by other Lieutenants.

5) Plaintiff's post was later assigned to another younger Sergeant.

Page 16 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents that support or otherwise relate to your response to Interrogatory No. 14.

**RESPONSE NO. 12:** See objection to Interrogatory No. 14 which is incorporated herein by reference. Subject to the foregoing objection, please see the attached documents. Further, Defendants are in possession of many documents which would be responsive to this request.

**INTERROGATORY NO. 15:** Please specify by category and amount the non-economic damages you claim to have sustained as a result of the conduct alleged in the Complaint, stating in detail the method by which you have computed those non-economic damages.

**ANSWER NO. 15:** Please see Answer and Objections to Interrogatory No. 10. which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents that support or otherwise relate to your response to Interrogatory No. 15.

**RESPONSE NO. 13:** Please see Answer and Objection to Interrogatory No. 10 which is incorporated herein by reference. Subject to the foregoing objection, Plaintiff will supplement his Response hereto as discovery progresses.

**INTERROGATORY NO. 16:** If you attribute any loss of income, benefits, or earning capacity, or any cost, expense, or other outlay, as a direct and proximate cause of unlawful employment practices committed by the Defendant, or any adverse employment action taken by Defendant, please state the total amount of income, benefits, or earning capacity you have lost and the amount of any cost, expense, or other outlay

Page 17 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

from the date you allege such unlawful employment practices began, how the amount was calculated, and the source thereof.

**ANSWER NO. 16:** Please see Answer and Objections to Interrogatory No. 10. which is incorporated herein by reference. Subject to the foregoing objection, Plaintiff will supplement his Answer hereto as discovery progresses.

**REQUEST FOR PRODUCTION NO. 14:**   Produce all documents that support or otherwise relate to your response to Interrogatory No. 16.

**RESPONSE NO. 14:**   Please see Answer and Objections to Interrogatory No. 10 which is incorporated herein by reference. Subject to the foregoing objection, Plaintiff will supplement his Response hereto as discovery progresses.

**INTERROGATORY NO. 17:** If you have ever been a party to any other civil litigation, mediation, or any other legal proceeding, including any criminal investigation regardless of whether charges were brought, dropped, nolle prossed, or are still pending, please identify the nature and description of your role or part in each matter; the name and address of the court(s) and the case number(s); the outcome of each proceeding and terms of any settlement or judgment; the name, address and telephone number of all attorneys involved in the litigation(s); and the name, address, and telephone number of each person or entity, other than yourself, who was a party to the litigation(s).

**ANSWER NO. 17:**   Plaintiff objects to this Interrogatory because it seeks information which is not relevant to any claims or defenses in this case. Instead, this request is served solely for the purposes of harassment. In *Smith v. FracTech Services, LLC*, 4:09-cv-679-JLH (E.D. Ark. Jan. 11, 2011), the court granted the plaintiffs' motion in limine and excluded from introduction into evidence at trial questions relating to Plaintiff's

Page 18 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

criminal convictions. The same reasoning is applicable here. The sole purpose of this request is to attempt to fish for information that may allow Defendant to portray Plaintiff as a bad character without shedding any light on the issues of the case.  Subject to and without waiving the foregoing objection, Plaintiff has not been involved in a lawsuit as either a plaintiff or defendant, other than in this case.

**INTERROGATORY NO. 18:** Have you made any social media postings, recordings, notes, memoranda, word processor or computer entries, letters, entries into diaries/journals, notes on calendars, notes in date books, or prepared any other type of document whatsoever, which contain any information pertaining to the allegations contained your Complaint?

**ANSWER NO. 18:**  Objection. This interrogatory is vague, overly broad, irrelevant, disproportionate and seeks information protected by the attorney-client privilege and the attorney work product doctrine and, therefore, is privileged and not discoverable under the Federal Rules of Civil Procedure. Subject to the foregoing objection, Plaintiff denies creating or otherwise perpetuating any social media/public postings related to the allegations contained in his complaint. Plaintiff did, however, send a memorandum to the human resources department for the Arkansas State Police regarding the filing of a charge of discrimination with the EEOC.

**REQUEST FOR PRODUCTION NO. 15:** Produce a copy of any items that are responsive to (e.g., a copy of a social media posting) or otherwise relate to your response to Interrogatory No. 18.

**RESPONSE NO. 15:**    A copy of the memorandum is attached hereto.

Page 19 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

**INTERROGATORY NO. 19:** If you filed a claim, complaint, or charge with any governmental agency, which involved any of the allegations in your Complaint, for each claim, complaint, or charge, please state: the date on which each was filed; the name and address of the agency with which each was filed; the file number assigned to each claim, complaint, or charge by the agency; the nature of each claim, complaint, or charge made; whether a right to sue notice was issued, including the date of any issued; and any findings or conclusions regarding the complaint or charge made, including the date and description of the agency's findings or conclusions.

**ANSWER NO. 19:**   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission; Defendant is in possession of all relevant documents associated with that charge. Further, please see the attached documents.

**INTERROGATORY NO. 20:** If you, or anyone acting on your behalf, have interviewed any individual(s) concerning the alleged unlawful employment practices, or any adverse employment action taken by Defendant against you, please state: the name, address, and telephone number for each individual interviewed; the date of each interview; and the name, address, and telephone number of the individual who conducted the interview.

**ANSWER NO. 20:** Objection. This interrogatory is vague, overly broad, irrelevant, disproportionate and seeks information protected by the attorney-client privilege and the attorney work product doctrine and, therefore, is privileged and not discoverable under the Federal Rules of Civil Procedure. However, without waiving objection, Plaintiff has not interviewed anyone at this time.

Page 20 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

**INTERROGATORY NO. 21:** If you, or anyone acting on your behalf, have obtained a written or recorded statement from any individual concerning your alleged unlawful employment practices or any adverse employment action taken by Defendant against you, please state: the name, address, and telephone number for each individual from whom the statement was obtained; the name, address, and telephone number of the individual who obtained the statement; the date the statement was obtained; and the name, address, and telephone number of the individual who possesses the original statement or copy.

**ANSWER NO. 21:**   Objection. This interrogatory is vague, overly broad, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by the attorney-client privilege and the attorney work product doctrine and, therefore, is privileged and not discoverable under the Federal Rules of Civil Procedure. However, without waiving objection, no statement has been obtained at this time.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents that support or otherwise relate to your response to Interrogatories No. 20 and 21.

**RESPONSE NO. 16:**      See Objections and Answers to Interrogatory Nos. 20 and 21 which are incorporated herein by reference.

**INTERROGATORY NO. 22:** Please state the name, web address, and user name for all blogs, online forums, and social networking websites, including Facebook, that you currently belong to or you belonged to while you are employed at Arkansas State Police.

**Page 21 of 25**
**Siegfried Lewis v. Arkansas State Police, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM**
**Plaintiff's Answers to Defendant's First Set of Interrogatories and**
**Responses to First Requests for Production of Documents**

**ANSWER NO. 22:**  Objection.  Plaintiff objects to this Interrogatory because it is overly broad and entirely irrelevant to his claims in this lawsuit. Instead, this request is served solely for the purposes of harassment and an attempt to engage in a fishing expedition.

**REQUEST FOR PRODUCTION NO. 17:** To the extent not already produced, please produce all documents relating to the contentions or allegations made in your Complaint.

**RESPONSE NO. 17:**  All relevant documents in Plaintiff's possession have been provided and Plaintiff shall supplement any relevant documents that are discovered during the course of discovery.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all documents evidencing the Plaintiff's income or sources of income for the years 2015 to the present, including, but not limited to, federal and state income tax returns, pay stubs, 1099 forms, and W-4 forms.

**RESPONSE NO. 18:** Objection. This Request is overly broad, unduly burdensome, vague, and seeks information which is irrelevant to the subject of the instant action. Without waiving objection, please see the attached documents.

**REQUEST FOR PRODUCTION NO. 19:** Please execute the attached authorization for the release of federal income tax returns, or state why you refuse to do so.

**RESPONSE NO. 19:**     Objection. This Request is overly broad, unduly burdensome, vague, and seeks information which is irrelevant to the subject of the instant action. Without waiving objection, Defendant Arkansas State Police is in possession of

Page 22 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

the income information of Plaintiff earned through his employment with Defendant ASP during the relevant period of time.

**INTERROGATORY NO. 23**: With regard to Defendant William Bryant, please specify, in detail, each and every instance in which you allege Defendant Bryant acted in a discriminatory or unlawful way with respect to the Plaintiff. For each such instance, please include the date of the incident, the specific actions taken by Defendant Bryant which were unlawful, the specific manner in which such actions impacted Plaintiff, and any other details relevant to this cause of action.

**ANSWER NO. 23:**  Objection. This interrogatory is vague, unduly burdensome, overly broad and is improper in that it requires legal expertise and/or knowledge on the part of Plaintiff and calls for a legal conclusion. Further, it is not possible to completely and accurately describe each and every employment action affecting Plaintiff and taken by Defendants which were retaliatory without the benefit of direct questions such as those commonly asked during a deposition. Plaintiff will make himself available for the taking of his deposition, where such questions can be posed at that time. However, without waiving objection, Plaintiff directs Defendant to Plaintiff's Complaint. Further, William Bryant selected a white male for the Recruiter's position over Plaintiff, who had more than thirty years of experience over the trooper.

**INTERROGATORY NO. 24**: Please indicate whether or not you will treat Defendant's First Set of Interrogatories and Requests for Production as continuing in nature and agree to supplement your answers or responses.

**ANSWER NO. 24:**  Plaintiff will continue to abide by the Federal Rules of Civil Procedure.

Page 23 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

Respectfully submitted,

**PLAINTIFF SIEGFRIED LEWIS**

THE MUNGO LAW FIRM, PLC
333 West Fort Street, Suite 1500
Detroit, Michigan 48266
Telephone: (313) 963-0407
Facsimile: (313) 963-0200

_____
Leonard Mungo
Michigan Bar No. 43562
Pro Hac Vice Motion Forthcoming
mungol16@msn.com

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 24 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents

## **CERTIFICATE OF SERVICE**

I, Leonard Mungo, do hereby certify that on the 9th day of August, 2019, a true and correct copy of the foregoing Plaintiff's Answers to Defendant's First Set of Interrogatories and Responses to First Requests for Production of Documents were sent via electronic mail to the following attorney of record:

William C. Bird III
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-1317
Facsimile: (501) 682-2591
william.bird@arkansasag.gov

Greg Downs
General Counsel
Arkansas State Police
1 State Police Plaza Drive
Little Rock, Arkansas 72209
Telephone:  (501) 618-8350
Facsimile: (501) 618-8222
Greg.Downs@asp.arkansas.gov

Leonard Mungo

Page 25 of 25
Siegfried Lewis v. Arkansas State Police, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-510-BSM
Plaintiff's Answers to Defendant's First Set of Interrogatories and
Responses to First Requests for Production of Documents