UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Siegfreid Lewis,      Civ. No. 18-510 (JWB)

    Plaintiff,

v.

Arkansas State Police,      **ORDER EXCLUDING EVIDENCE RELATED TO MERIT-PAY CLAIM**

    Defendant.

Defendant Arkansas State Police has filed a Motion in Limine and Request for Reconsideration seeking to exclude evidence relating to Plaintiff Siegfried Lewis's claim for lost merit-pay increases. (Doc. No. 149.) Based on the parties' filings and considering the arguments presented, Plaintiff's merit-pay claim was not properly disclosed during the discovery period and is untimely. Accordingly, the motion to exclude this evidence is **GRANTED** for the following reasons.

I.   Background

This case involves Plaintiff Siegfried Lewis's claim under Title VII of the Civil Rights Act of 1964, alleging racial discrimination in his reassignment to a desk job by Defendant Arkansas State Police. Plaintiff contends that this reassignment resulted in lower performance evaluations, which in turn led to lost merit-pay increases.

During discovery, Plaintiff disclosed general claims of economic damages, including lost wages and merit pay, but the specific calculations or evidence supporting these merit-pay claims were not timely provided. Additionally, this Court previously excluded Plaintiff's expert testimony regarding economic damages, including merit-pay increases, as irrelevant and improperly disclosed under the applicable rules of evidence.

## II.     Applicable Standards

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to provide a computation of each category of damages claimed, and Rule 26(e)(1) imposes a continuing duty to supplement such disclosures in a timely manner. Rule 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at trial, unless the failure was substantially justified or harmless.

## III.    Discussion

The Court finds that Plaintiff's claim for lost merit-pay increases was not properly disclosed during the discovery period and is untimely. Specifically, exclusion is warranted for the following four reasons.

### 1.     Failure to Timely Disclose

During the discovery period, Plaintiff did not provide a specific calculation or methodology for determining merit-pay increases allegedly lost due to his reassignment. While Plaintiff generally referenced merit-pay increases in deposition testimony, there was no clear or detailed disclosure of the amount of damages or the connection between the reassignment and the lost merit pay. Under Rule 26(a), Plaintiff was required to provide such information during discovery, which closed on August 23, 2019.

### 2. Lack of Proper Evidence

Following the exclusion of Plaintiff's expert on economic damages, the merit-pay claim seemingly relies solely on lay testimony, which is insufficient to establish complex damages such as merit-pay increases. Without expert analysis, and in the absence of an admission or stipulation from Defendant, any assertion of lost merit pay is speculative. Plaintiff's failure to provide detailed documentation or expert testimony on this issue leaves the claim unsupported by reliable evidence.

### 3. Unfair Surprise to Defendant

Allowing Plaintiff to introduce evidence of lost merit-pay increases at trial would unfairly prejudice Defendant. Defendant did not have the opportunity to fully investigate or rebut the specific merits of this claim during discovery. The alternative of delaying the trial to re-open and conduct additional discovery is untenable, given this very old and considerably delayed trial setting. Plaintiff's failure to provide a computation of merit-pay damages or timely disclose the underlying evidence does not allow Defendant a fair opportunity to prepare an adequate defense against this claim. The Court notes that Defendant has repeatedly objected to the lack of clarity surrounding Plaintiff's economic claims, further indicating that this omission was neither just oversight nor harmless.

### 4. Previous Exclusion of Economic Expert Testimony

The Court previously excluded Plaintiff's expert testimony on economic damages, including merit-pay increases, due to improper disclosure and lack of relevance to the sole remaining Title VII claim. This exclusion further underscores the speculative nature

of Plaintiff's merit-pay claim and highlights the lack of sufficient evidence to support it at trial.

## IV.   Conclusion

Based on the foregoing, Plaintiff's claim for lost merit-pay increases is untimely, not properly disclosed, and would result in unfair surprise to Defendant. As such, Defendant's Motion in Limine to exclude evidence related to merit-pay increases is granted.

## ORDER

For the reasons stated, Defendant's Motion in Limine (Doc. No. 149) is **GRANTED**. Plaintiff is precluded from introducing any evidence, testimony, or argument related to an alleged loss in merit-pay increases at trial.

Date: September 27, 2024            *s/ Jerry W. Blackwell*
                                    JERRY W. BLACWELL
                                    United States District Judge