UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| Siegfreid Lewis, | Civ. No. 18-510 (JWB) |
| Plaintiff, | |
| v. | |
| | **ORDER REGARDING REFERENCE TO THE *TAPPIN* LAWSUIT** |
| Arkansas State Police, | |
| Defendant. | |

Defendant Arkansas State Police has filed a Motion in Limine seeking to exclude any reference to the *Tappin* lawsuit at trial, on the grounds that it is irrelevant and unduly prejudicial under Federal Rule of Evidence 404(b). Having considered the parties' arguments, the motion is granted in part and denied in part. This order sets forth the conditions under which the *Tappin* lawsuit may be referenced at trial.

**I.     Background**

The *Tappin* lawsuit (*Tappin, et al. v. Arkansas State Police*, et al., Case No. 4:91-cv-627) was a prior employment discrimination lawsuit involving allegations of racial discrimination in the Arkansas State Police's practices in promoting employees. Plaintiff Siegfried Lewis, a former employee of the Arkansas State Police, was one of the plaintiffs in the *Tappin* lawsuit. In the present case, Plaintiff Lewis alleges that his reassignment to a desk sergeant position was racially motivated, in violation of Title VII of the Civil Rights Act of 1964.

Plaintiff seeks to introduce references to the *Tappin* lawsuit as evidence of the Arkansas State Police's history of discriminatory behavior. Defendant argues that such references would be irrelevant and unfairly prejudicial under Rule 404(b).

## II.     Legal Standards

Federal Rule of Evidence 404(b) prohibits the admission of evidence of prior acts to prove a person's character or to suggest that the person acted in conformity with those past acts. But such evidence may be admissible for other purposes, such as proving motive, intent, knowledge, or the absence of mistake.

Additionally, under Fed. R. Evid. 403, even relevant evidence may be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury.

## III.    Conditions for Referencing *Tappin* Lawsuit

Limited references to the *Tappin* lawsuit may be admissible if they serve a valid purpose under Rule 404(b)—specifically, to show intent, motive, or pattern of behavior in relation to the present discrimination claims. But to avoid undue prejudice and confusion, the following conditions must be met for any reference to the *Tappin* lawsuit.

### 1.     Purpose of the Reference

Plaintiff may reference the *Tappin* lawsuit only to establish intent or motive or to demonstrate a pattern of discriminatory practices

within the Arkansas State Police that may be relevant to the current allegations of race discrimination. Any such reference must be directly tied to the intent or state of mind of individuals involved in Plaintiff's reassignment, and not to suggest that Defendant acted in conformity with past bad acts.

- Permitted Use: References to the *Tappin* lawsuit may be used to show that key decision-makers in Plaintiff's reassignment were aware of prior allegations of racial discrimination, and that this awareness may have influenced their decisions in this case.

- Unpermitted Use: The *Tappin* lawsuit may not be used to suggest that the Arkansas State Police or its current employees have a general propensity for racial discrimination based on prior claims. Any such argument would violate Rule 404(b)'s prohibition on character evidence.

2. **Limiting Instruction to the Jury**

To minimize the risk of unfair prejudice, the Court will give a limiting instruction to the jury whenever references to the *Tappin* lawsuit are made. The jury instruction will be something similar to the following:

- The *Tappin* lawsuit should be considered only for the specific purpose of determining whether there is evidence of motive, intent, or a pattern relevant to the decisions surrounding Plaintiff's reassignment, and not to establish any general character of the Arkansas State Police or its employees.

3. **Evidence Must Be Relevant to Key Decision-Makers in the Present Case**

Plaintiff may only introduce evidence of the *Tappin* lawsuit if he can establish that key decision-makers involved in his reassignment (e.g., supervisors or managers) were aware of the prior lawsuit and that such awareness may have influenced their actions or decisions related to Plaintiff. Mere general knowledge of the *Tappin* case by individuals

3

not involved in Plaintiff's reassignment will not be sufficient grounds to introduce evidence of the prior lawsuit.

### 4. Scope of Reference to the *Tappin* Lawsuit

Plaintiff may not delve into the specific details or factual allegations of the *Tappin* lawsuit, other than to establish that the case involved allegations of racial discrimination like those raised in this case. References to outcomes, settlements, or findings in the *Tappin* lawsuit are not allowed, as they are likely to confuse or mislead the jury and could unfairly prejudice Defendant.

### 5. Balancing Probative Value against Prejudicial Effect

Under Rule 403, the Court must balance the probative value of the *Tappin* lawsuit against its potential to cause unfair prejudice. To ensure that the probative value is not substantially outweighed by the risk of prejudice, Plaintiff must make a proffer of evidence outside the presence of the jury before introducing any reference to the *Tappin* lawsuit. Defendant also requests exclusion of evidence regarding anticipated testimony about Defendant's promotional practices. The Court finds that reference to Defendant's promotional practices without any specific context to what it might pertain is vague. To ensure that the probative value is not substantially outweighed by the risk of prejudice, Plaintiff must make a proffer of evidence outside the presence of the jury before introducing any reference to the Defendant's promotional practices. The Court will assess the relevance and purpose of the proposed evidence at that time.

## ORDER

For the reasons stated, Defendant's Motion in Limine (Doc. No. 149) is **GRANTED IN PART and DENIED IN PART**. Plaintiff may reference the *Tappin* lawsuit at trial only under the conditions outlined above, and only for the limited purpose of demonstrating intent, motive, or a pattern of discriminatory behavior relevant to the decision-makers in Plaintiff's reassignment.

Date: September 27, 2024         *s/ Jerry W. Blackwell*
                                  JERRY W. BLACWELL
                                  United States District Judge