UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

---

Siegfried Lewis,  Civ. No. 18-510 (JWB)

          Plaintiff,

v.

Arkansas State Police,  **ORDER DENYING DEFENDANT'S MOTION FOR MISTRIAL**

          Defendant.

---

Defendant Arkansas State Police has made a motion for a mistrial. Defendant's motion is based on the excusal of Juror No. 7 during jury deliberations in this Title VII employment discrimination case. Defendant argues that since the juror's dismissal was based on a hardship that was identified during jury selection and the juror was not then excused for cause, the foreseeability of the hardship means that it cannot constitute "good cause" for excusal at this point. For the reasons stated below, the motion is denied.

Jury selection began on Tuesday, October 1, 2024, with both parties estimating that the trial would conclude by Friday, October 4. During jury selection, Juror No. 7 disclosed that he would need to assume caregiving responsibilities for his mother-in-law, who is ill with cancer, beginning Monday, October 7, as his spouse, the primary caregiver, would be attending an out-of-town conference. Juror No. 7 indicated he would be available to serve through Friday, October 4, with the parties estimating that the trial would conclude within that timeframe.

Jurors were informed at the start of jury selection that deliberations might extend into Monday if necessary. Trial deliberations concluded on Friday without a verdict. Before the jury concluded on Friday, Juror No. 7 raised his family hardship as described

above and as had been raised during jury selection. Juror No. 7 was excused for good cause given the family obligations.

Neither party during jury selection raised a cause challenge to Juror No. 7 based on his caregiving obligations and inability to serve beyond Friday, and both parties participated in jury selection when he disclosed those circumstances. The parties also were aware of trial possibly extending into the next week. Following Juror No. 7's excusal on October 4, Defendant immediately moved for a mistrial, arguing that Defendant was entitled to a unanimous verdict from all 12 jurors and that Juror 7 was excused without good cause given the foreseeability of his hardship.

## DISCUSSION

### I.     Excusal of Juror for Cause – Rule 47(c)

Federal Rule of Civil Procedure 47(c) allows a juror to be excused for "good cause" even after deliberations have begun. Juror No. 7's hardship was known during jury selection, but because the trial was expected to conclude by Friday, neither party challenged his participation. When it became clear that deliberations would extend into Monday, his caregiving obligations became immediate and unavoidable.

"Rule 47(c) of the Federal Rules of Civil Procedure permits a court to excuse for good cause a juror from service during trial or deliberation." *Harris v. Folk Const. Co.*, 138 F.3d 365, 371 (8th Cir. 1998). Under Rule 47(c),

> "the court may in appropriate circumstances excuse a juror during the jury deliberations without causing a mistrial. Sickness, family emergency or juror misconduct that might occasion a mistrial are examples of appropriate grounds for excusing a juror. It is not grounds for the dismissal of a juror that the juror refuses to join with fellow jurors in reaching a unanimous verdict."

2

Fed. R. Civ. P. 47(c) advisory committee's note to 1991 amendment. Good cause for excusing a juror has been found in many different fact situations, including a car accident involving a juror, *see United States v. Armijo*, 834 F.2d 132, 134 (8th Cir. 1987), and a medical emergency involving a family member. *See United States v. Frazier,* 280 F.3d 835, 850 (8th Cir. 2002); *see also Rios v. Celanese Corp.*, No. C-08-21, 2009 WL 959979, at *2 (S.D. Texas Apr. 8, 2009) (finding the loss of one of the 12 jurors in a civil case due to illness did not entitle Plaintiff to a new trial).

Juror No. 7's circumstances represent "good cause" for excusal. The hardship (becoming the primary caregiver for an ill family member) was anticipated but became immediate and unavoidable when the trial deliberations extended into the next week. Both parties were aware of the hardship at the time of jury selection, and no objections or even questions about Juror 7's stated hardship were raised when he separately met with the Court and parties on Friday, October 4, to address the same hardship for a second time.

## II.   Fairness of Proceeding with 11 Jurors

The dismissal of Juror No. 7 is also fair to both parties for several reasons:

1. Notice: Before trial, the Court made it clear to the parties several times that the trial would go forward even if only 8 persons constituted the jury. Both parties knew of this before trial commenced.

2. Full Disclosure by Juror No. 7: During jury selection, Juror No. 7 disclosed his potential conflict if deliberations extended past Friday. Neither party raised a cause challenge to his participation.

3. No Surprise: When it was clear that trial would extend to Monday, the hardship Juror No. 7 had described materialized just as reasonably expected. Both parties knew of this possibility in advance and the trial was conducted from the beginning with this understanding.

4. No Objections During Trial: Throughout the trial and into deliberations, both parties were aware of the juror's circumstances and raised no concerns about his potential excusal until the motion for mistrial was filed.

Considering these factors, excusing Juror No. 7 was neither unexpected nor prejudicial to either party. Continuing deliberations with 11 jurors complies with Federal Rule of Civil Procedure 48, which allows a civil jury to return a verdict as long as at least six jurors remain.

"[T]he district court's decision to dismiss a juror for just cause is discretionary, and our review is limited to whether the dismissal amounted to an abuse of that discretion." *United States v. Frazier*, 280 F.3d 835, 851 (8th Cir. 2002) (dismissing juror during deliberations due to juror's father's imminent death). Any claim of prejudice is undermined by the thorough voir dire process that occurred and the lack of any objection by the defense. *See United States v. Angiulo*, 897 F.2d 1169, 1183 (1st Cir. 1990) ("[E]xhaustive procedures employed by the trial court below to screen prospective jurors and impanel an impartial jury" weakened claim of prejudice). "Courts will not presume prejudice where the judge removes a juror." *United States v. Lustig*, 555 F.2d 737, 746 (9th Cir. 1977) (citing *United States v. Ellenbogen*, 365 F.2d 982, 989 (2d Cir.), *cert. denied*, 386 U.S. 923 (1966)).

Excusing Juror No. 7 was supported by good cause and proceeding with 11 jurors in this civil case is consistent with the Federal Rules and Supreme Court caselaw. *See Colgrove v. Battin*, 413 U.S. 149, 158–60 (1973) (stating there is no discernible difference when utilizing a 6-person jury). What is required for a 'jury' is a number large enough to facilitate group deliberation combined with a likelihood of obtaining a representative cross section of the community. *Williams v. Florida*, 399 U.S. 78, 100 (1970). There is no merit to Defendant's argument that 12 jurors are required given Rule 48's requirement of 6 jurors and given both parties' notice of Juror No. 7's obligations in jury selection. The dismissal of the juror creates no unfairness or prejudice.

Accordingly, no mistrial is warranted based on the excusal of Juror No. 7 and Defendant's motion for a mistrial is DENIED.

Date: October 7, 2024           *s/ Jerry W. Blackwell*
                                JERRY W. BLACWELL
                                United States District Judge