**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

Siegfried Lewis,                                                Civ. No. 18-510 (JWB)

              Plaintiff,

v.

Arkansas State Police,                               **JURY INSTRUCTIONS**

              Defendant.

## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

## INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

## INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time,

whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent mis-recollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 4

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

## INSTRUCTION NO. 5

Demonstrative exhibits, timelines placed on poster boards with dates and facts entered, have been shown to you in order to help explain the evidence in the case. Demonstrative exhibits are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard the demonstrative exhibits and decide the facts from the direct evidence as you have seen and heard in the trial.

**INSTRUCTION NO. 6**

You may not return a verdict for the Plaintiff just because you might disagree with the Defendant's decision or believe it to be harsh or unreasonable, except to the extent the decision involved intentional discrimination. An employer has the right to make subjective personnel decisions for any reason, as long as the decision is not intentionally discriminatory.

**INSTRUCTION NO. 7**

You may find that the Plaintiff's race was a motivating factor in the Defendant's decision if it has been proved that the Defendant's stated reasons for its decision are not the real reason, but are a pretext to hide race discrimination.

**INSTRUCTION NO. 8**

As used in these instructions, the Plaintiff's race was a "motivating factor," if the Plaintiff's race played a part in the Defendant's decision to reassign the Plaintiff to a desk sergeant position. However, the Plaintiff's race need not have been the only reason for the Defendant's decision to reassign the Plaintiff.

**INSTRUCTION NO. 9**

Your verdict must be for Plaintiff Siegfried Lewis and against Defendant Arkansas State Police on Plaintiff's claim that he was discriminated against because of his race if all the following elements have been proved:

*First*, the Defendant reassigned the Plaintiff to a desk sergeant position; and

*Second*, the Plaintiff's race was a motivating factor in the Defendant's decision.

If either of the above elements has not been proved, your verdict must be for the Defendant and you need not proceed further in considering this claim. You may find that the Plaintiff's race was a motivating factor in the Defendant's decision if it has been

4

proved that the Defendant's stated reasons for its decision are a pretext to hide race discrimination.

## INSTRUCTION NO. 10

If you find in favor of the Plaintiff under the previous Instruction No. 9, then you must answer the following question in the verdict forms: Has it been proved that the Defendant would have reassigned the Plaintiff regardless of his race?

## INSTRUCTION NO. 11

If you find in favor of the Plaintiff under Instruction No. 9 and if you answer "no" in response to Instruction No. 10, then you must award the Plaintiff such sum as you find will fairly and justly compensate the Plaintiff for any damages you find the Plaintiff sustained as a direct result of Defendant's decision to reassign the Plaintiff.

You must determine the amount of damages sustained by the Plaintiff based on humiliation, embarrassment, mortification, emotional distress, and injury to professional reputation. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that the Plaintiff has a duty under the law to "mitigate" his damages - that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find that the Plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

## INSTRUCTION NO. 12

If you find in favor of the Plaintiff under Instruction No. 9 and if you answer "no" in response to Instruction No. 10, but you find that the Plaintiff's damages have no

monetary value, then you must return a verdict for the Plaintiff in the nominal amount of One Dollar ($1.00).

## INSTRUCTION NO. 13

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial and throughout, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the courtroom deputy and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the courtroom deputy that you are ready to return to the courtroom.