STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**KRISMA BUXTON,**

        Plaintiff,                              Case No. 24-005808-CD
                                                  Hon. Brian R. Sullivan

v

**WARREN WILSON and KENNETH BRZOZOWSKI,**

        **Defendants.**

**ORDER DENYING DEFENDANTS
MOTION FOR SUMMARY DISPOSITION**
At a session of said Court, held in the City County Building,

City of Detroit, County of Wayne, State of Michigan, on

10/28/2024

**PRESENT:   HONORABLE BRIAN R. SULLIVAN**

Plaintiff KrIsma Buxton (Buxton) sued defendants Warren Wilson and Kenneth Brzozowski for one count of violation of the Elliot-Larsen Civil Rights Act based on race and color for the failure to award her a job promotion. See complaint. Defendants moved for summary disposition of plaintiff's complaint pursuant to MCR 2.116 (C) (7) and (C) (10). Defendants allege this case is barred by res judicata and by the failure of plaintiff to provide defendant notice under the Court of Claims Act.

The plaintiff responded res judicata does not apply to this case as the parties are not identical and the prior case was not decided on the merits. Further, plaintiff contends that the notice requirement of MCL 600.6431 does not apply to individuals.

The court denies the motion and concludes the decision in the prior decision was not a decision on the merits, did not involve the same parties and notice required under

1

the COCA does not apply to these defendants. The motion is granted without prejudice as to the merits of this claim.

## STANDARD OF REVIEW

**MCR 2.116 (C) (4).**  In reviewing a motion for summary disposition under MCR 2.116(C)(4), the Court must determine whether the pleadings demonstrate the defendant was entitled to judgment as a matter of law, or, whether the affidavits and other proofs show that there was no genuine issue of material fact. See *Walker v Johnson & Johnson Vision Products, Inc.*, 217 Mich App 705, 708 (1996).  IF the pleadings, affidavits or other proof show there is no genuine issue of material fact the court is to render judgment for the moving party. See MCR 2.116(I)(1): (1) If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay."

**MCR 2.116(C)(7).**

**a. Immunity in law.**  A motion under MCR 2.116(C)(7) tests whether the complaint alleges facts that are pled as exception to governmental immunity. See *Plunkett v Dep't of Transportation*, 286 Mich App 168, 180 (2009). A motion pursuant to MCR 2.116(C)(7) may be supported by affidavits, depositions, admissions or other documentary evidence. See also MCR 2.116(G)(5). Maiden v Rozwood, 461 Mich 109, 119 (1999). If such material (substantive evidence) is submitted to the court it must be considered by the court. See MCR 2.116(G)(5); *Patterson v Kleinman*, 447 Mich 429, 432 (1994).

All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmoving party, unless contradicted by evidence with

documentation by the movant. Maiden, 461 Mich at 119; *Wade v. Dep't of Corrections*, 439 Mich. 158,162, (1992).

**b. Res judicata.** MCR 2.116(C)(7) provides:

Entry of judgment, dismissal of the action, or other relief is appropriate because the release, payment, *prior judgment*, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different form, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action.

A motion pursuant to MCR 2.116(C)(7) may be supported by affidavits, depositions, admissions or other documentary evidence. See also MCR 2.116(G)(3). If such material is submitted to the court it must be considered by the court. See MCR 2.116(G)(5); *Patterson v Kleinman*, 447 Mich 429, 432 (1994).

A motion under (C)(7) may be supported by affidavits, depositions, admissions or other evidence. *Maiden v Rozwood*, 461 Mich 109, 119 (1999); MCR 2.116(G)(5). A party is not required to supplement the motion with these materials. The content of the pleadings (complaint) is accepted as true unless contradicted by the moving party. *Maiden, Id*.

**MCR 2.116 (C) (10).** A motion under MCR 2.116(C) (10) tests the factual sufficiency of a complaint. *Maiden v Rozwood*, 461 Mich 109 (1999); *El-Khalil v Oakwood Healthcare, Inc.*, 504 Mich 152, 160 (2019).

The trial court evaluates a motion for summary disposition under this sub-rule by considering the affidavits, pleadings, depositions, admissions, documentary evidence and other substantive evidence submitted by the parties. *Maiden*; MCR 2.116(G)(5);

*Dextrom v Wexford Company*, 297 Mich App 406 (2010). The court must consider the evidence, and draw all reasonable inferences, in a light most favorable to the non-moving party. *Maiden v Rozwood*, 461 Mich at 120; *Rice v Auto Insurance Association*, 252 Mich App 25 (2002); *Ward v Franks Nursery and Crafts, Inc.*, 186 Mich App 120 (1990); *Patrick v Turkelson*, 322 Mich App 595,605 (2018).

The moving party, under a motion under sub-rule (C) (10), must specifically identify the issues to which it believes there is no genuine issue as to any material fact. The moving party has the initial burden to support its claim with documentary evidence, but once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261 (2005). Additionally, if the moving party asserts that the non-movant lacks evidence to support an essential element of one of his or her claims, the burden shifts to the non-movant to present such evidence. *Lowrey v LMPS & LMPJ, Inc.*, 500 Mich 1, 7 (2016).

The adverse party may not rest on mere allegations or denials in the pleadings already filed, but must, by affidavit or otherwise, set forth specific facts showing there is a genuine issue of fact for trial. See MCR 2.116(G)(4). A responding party's pledge to establish an issue of fact at trial cannot survive summary disposition under (C) (10). *Maiden*, 461 Mich at 121. The court rule requires the adverse party to set forth specific facts in the response to the motion to show the existence of a genuine issue of fact for trial.

The reviewing court must consider the substantively admissible evidence proffered in support and opposition of the motion to decide the motion. *Maiden*, 461 Mich at 121;

*McCart v J Walter Thompson USA, Inc.*, 437 Mich 109, 115, note 4 (1991). If the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. See MCR 2.116(C) (10), (G)(4); *Quinto v Cross and Peters Company*, 451 Mich 358 (1996); *SSC Associates Limited Partnership v General Retirement System of the City of Detroit*, 192 Mich App 360 (1991); *West v General Motors Corp.*, 469 Mich 177 (2003). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v Vanderkooi*, 502 Mich 751, 761 (2018); *Allison v AEW Capital Mgt., LLP*, 481 Mich 419, 425 (2008); *West, Id*. "Only the substantively admissible evidence actually proffered may be considered." *1300 Lafayette East Coop, Inc. v Savoy*, 284 Mich App 522, 525 (2009). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr.-Gratiot*, 316 Mich App 1, 6 (2016).

If the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C) (10), (G)(4). *Quinto v Cross & Peters Co.*, 451 Mich 358 (1996). See also *McCart v J. Walter Thompson USA, Inc.*, 437 Mich 109, 115 (1991). MCR 2.116(G)(4) states:

> A motion under sub rule (C) (10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under sub rule (C) (10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

The promise or representation of a party to establish an issue of fact at trial is insufficient to prevent summary disposition under MCR 2.116(C) (10). The court rule

requires the adverse party to set forth specific facts at the time of motion to oppose those of the moving party.

## STATUTORY INTERPRETATION

The Court's "primary goal is to ascertain and give effect to the Legislature's intent." T*omecek v Bavas*, 482 Mich. 484, 495-496 (2008). "[T]he most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc. v Dep't of Environmental Qualit*y, 502 Mich. 349, 360-361 (2018). "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written." *South Haven v Van Buren Co. Bd of Comm'rs, 478 Mich. 518, 528 (2007)*. If the language of a statute is ambiguous, the Court "may refer to the history of the legislation in order to determine the underlying intent of the Legislature." L*uttrell v Dep't of Corrections*, 421 Mich. 93, 103, 365 N.W.2d 74 (1984).

The Court must attempt to avoid any construction that would render portions of a statute surplusage or nugatory. S*outh Dearborn*, 502 Mich. at 361. Specifically, when a court interprets the ELCRA, the Court has been encouraged to look to, and use, federal precedent which interprets Title VII of the federal Civil Rights Act as guidance, but only as guidance, because it is the statute on which the ELCRA was based. See *Radtke v Everet*t, 442 Mich. 368, 381 (1993); R*asheed v Chrysler Corp*, 445 Mich. 109, 124 n 20 (1994) (ELCRA was "clearly modeled" after Title VII). *Garg v Macomb County Community Mental Health Services*, 472 Mich 263, 283 (2005) held:

While federal precedent may often be useful as guidance in this Court's interpretation of laws with federal analogues, such precedent cannot be allowed to rewrite

Michigan law. The persuasiveness of federal precedent can only be considered after the statutory differences between Michigan and federal law have been fully assessed, and, of course, even when this has been done and language in state statutes is compared to similar language in federal statutes, federal precedent remains only as persuasive as the quality of its analysis.

**FACTS**

Krisma Buxton was a probation officer and prison counselor employed by the Michigan Department of Corrections for about 24 years. She filed suit and alleged she was discriminated against based on her application for a job promotion to become a Probation Sentencing Specialist or Parole Specialist 15. She was denied on three separate occasions over several years in 2017, 2020 and 2021.

Buxton alleged she was not promoted on each of these based on race and color, although she was qualified for the job. She sued twice, the first time she sued the MDOC, its director, the MCSC and its director.

**First case**. On January 5, 2022, Buxton sued the State of Michigan Department of Corrections, (MDOC), Heidi Washington, Director of the Michigan Department of Corrections, Michigan Department of Civil Service Commission (MCSC) and Jan Winters, the State Personnel Director. On January 14, 2022, plaintiff amended her complaint to allege I. Employment Discrimination based on race and color in violation of the Eliot Larsen Civil Rights Act (ELCRA), disparate impact of the promotional process, failure to comply with Art 11, sec 5 of the MI Constitution, Civil Service Rules Resulting in an Unlawful Discriminatory Adverse Impact on a Protected Class, Count I under the ELCRA;

7

and Count II Intentional Discrimination Based On Race and Color in violation of the ELCRA and Persons with Disabilities Civil rights Act (PWDCRA).

The first suit was dismissed on August 31, 2022, based on Winters and the Michigan Civil Service Commission moved for summary disposition on the basis they were not the plaintiff's employer within ELCRA and did not decide any promotion.

The court held the MSCS is given exclusive and plenary authority to regulate the terms and conditions of employment in the State's classified service. The heads of each state department was granted the sole authority to create or abolish positions within these departments. Const 1963, art 11 sec 5.

Plaintiff amended her complaint (twice) in the first filing to re-add the MCSC. The MDOC and its director, Heidi Washington moved for summary disposition based on the failure to provide it with the requisite statutory notice of MCL 600.6431 as held in *Christie v Wayne State University, infra.*

The court granted those defendants' motion for summary disposition on the lack of notice and denied plaintiff's motion to amend her complaint.

**Second case**. Plaintiff filed this new suit against these two defendants, Wilson and Brzozowski in their "individual capacity". She avers under MCL 37.2201 (a) that they were her employers and agents of the MDOC. See Complaint, paragraph 3. In addition, both served as her hiring managers. See Complaint, paragraph 4 and also paragraph 34.

Defendants moved for summary disposition of this complaint and contend the case is barred by res judicata and lack of statutory notice.

### DISCUSSION

**1. Relevant Elliot-Larsen Civil Rights Act (ELCRA) law.**

8

Plaintiff's complaint asserts a claim under the Elliot Larsen Civil Rights Act against the individual defendants in their "individual capacities." Plaintiff alleges that the defendants were her employers and agents of MDOC, as they served as her hiring managers. Other filings in this case indicate that the defendants comprised two of three individuals on the hiring committee that did not recommend plaintiff. Defendants are not insulated from suit for the reason they were not plaintiff's employer for purposes of the act.

MCL 37.2201(a) states: (a) ""Employer" means a person that has 1 or more employees, and includes an agent of that person." MCR 37.2202 prohibits an employer from discriminating based on race.

In *Elezovic v Ford Motor Co,* 472 Mich 408 (2005), plaintiff sued a Ford employee, Bennett, and her employer, Ford, for sexual harassment. Bennett argued that ELCRA did not permit plaintiff to seek to hold him individually liable. The Court rejected that argument: "Accordingly, we reject the argument that including "agent" within the definition of "employer" serves only to provide vicarious liability for the agent's employer and we conclude that it also serves to create individual liability for an employer's agent." *Id* at p. 420. The Court also concluded that because Ford did not have adequate notice of the alleged harassment, it could not be held liable.

The Court remanded the case against Bennett individually to the court of appeals. *Elezovic v Bennett*, 274 Mich App 1 (2007). The court clarified the circumstances under which Bennett could be held individually liable for acts of discrimination:

> "Specifically, persons to whom an employing entity delegates supervisory power and authority to act on its behalf are "agents," as distinguished from coemployees, subordinates, or coworkers who do not have supervisory powers or authority, for purposes of the CRA. If this agent is also the alleged sexual harasser, the agent is considered an employer under the CRA and *may be directly and individually liable* for this tort against

9

the victim, whether or not the employing entity is liable. Again, MCL 37.2202 prohibits *any* employer from engaging in acts of discrimination that are prohibited by the CRA.

> "Contrary to defendant's argument, the trial court's holding, and the dissent in this case, it is not necessary for a plaintiff to establish that a defendant was "functioning as an agent" when he committed the charged specific acts of sexual harassment charged. Almost invariably, the harasser is never acting within the scope of his agency when he breaks the law by sexually harassing a subordinate. As our Supreme Court has noted, "an employer rarely authorizes an agent to break the law or otherwise behave improperly...." * * * The issue is not whether the harassing acts were within the scope of the agent's authority—the plaintiff is not attempting to hold the principal liable for the agent's acts. The issue is whether the harasser was an agent, one vested with supervisory power and authority, at the time the harassing acts were being perpetrated against the victim; if so, the harasser is considered an employer for purposes of the CRA*." Id* at pp.458-459, emphasis supplied.

In short, the court concluded that "[a]n agent can be held directly and individually liable if he engaged in discriminatory behavior in violation of the CRA while acting in his capacity as the victim's employer." Id at p. 452.

Under these decisions, employees can hold supervisory employees individually liable for acts of discrimination. E.g., *Riley v Ennis*, 2012 WL 12517423 (Mich App), ("A supervisor may be subject to individual liability, as a corporate employer's agent. *Elezovic v. Ford Motor Co.,* 472 Mich. 408, 426, 697 N.W.2d 851 (2005). As such, the trial court correctly concluded that defendant could be sued in his individual capacity under the CRA."), (pregnancy discrimination claim failed on the merits).

**2. The lawsuit is not barred by res judicata.**

Defendants first argue that this lawsuit is barred by res judicata. "The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits,

conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715 (2014).

In *Washington v Sinai Hosp*, 478 Mich 412, 418 (2007), the Supreme Court identified the elements of res judicata:

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. * * * This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." (Citations omitted).

In *Washington,* a medical malpractice lawsuit filed by the initial personal representative of decedent's estate was dismissed as filed beyond the statute of limitations. A successor personal representative was appointed who filed another lawsuit on the same grounds. The successor argued, for reasons not advanced in the initial suit, the suit was not time barred. The trial court dismissed the case on grounds of res judicata and the court of appeals affirmed.

The successor argued that the second lawsuit was not barred by res judicata because the dismissal of the initial lawsuit, based on the statute of limitations, was not an adjudication on the merits. The court of appeals disagreed, citing MCR 2.504(B)(3): "Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, **other than a dismissal for lack of jurisdiction** or for failure to join a party under MCR 2.205, operates as an adjudication on the merits." Emphasis added.

The successor also argued that the second lawsuit did not involve the same parties. The court of appeals disagreed and explained that "[t]o be in privity is to be so

11

identified in interest with another party that the first litigant represents the same legal right *that the later litigant is trying to assert." Id at p. 421.* The court held:

"In this case, both plaintiff and the initial personal representative were representing the same legal entity—namely, the estate—and prosecuting the estate's cause of action against defendants for malpractice. * * *Because plaintiff represents the same legal right that was represented by the initial personal representative, she is in privity with the initial personal representative*. Id* at p. 422.

The court concludes that res judicata does not apply here for two reasons. The dismissal of the first case was not an adjudication on the merits. Second, the failure to provide notice goes to jurisdiction of the court, which is not an adjudication on the merits of the prior case.

First, there was no adjudication on the merits. The court's initial grant of summary disposition was based on plaintiff's failure to provide notice under the court of claims act. In *Christie v Wayne State University*, 511 Mich 39 (2023), the Supreme Court held that all lawsuits against the state or its departments or agencies were subject to the COCA, regardless of whether they were filed in the court of claims. The Court stated: "The COCA therefore "stands as this state's controlling legislative expression of waiver of the state's sovereign immunity from direct action suit against it and its agencies *and of their submission to the jurisdiction of a court.*"" (Id at p. 58, citations omitted, emphasis added.)

Likewise, the court of appeals has affirmed that a dismissal for failure to provide notice under the COCA is a dismissal for lack of jurisdiction. *West Michigan Film, LLC v Michigan Film Office*, 2014 WL 1614533 (Mich App), at *3.

Because the failure to provide notice under the COCA deprived this court of jurisdiction over the first lawsuit, the dismissal was not an adjudication on the merits.

Second, the claims in this case do not involve the same parties or their privies. As discussed above, the defendants in this case are being sued in their individual capacities

for allegedly discriminating against plaintiff in her efforts to obtain a promotion. To the extent such allegations are true, the legal rights and interests of the individual defendants are clearly different than those of the Michigan Department of Corrections – the policies of which prohibit any such discrimination.

**3. The COCA does not require plaintiff serve notice on the individual defendants.**

In *Pike v Northern Michigan University*, 327 Mich App 683 (2019), app den 505 Mich 876, plaintiff was injured while engaged in rock climbing for a university class. Plaintiff sued the university, and also sued the instructor for gross negligence. Governmental employees such as the instructor are generally immune from tort liability in Michigan but there is an exception for gross negligence.

The trial court dismissed the claims against both the university and the instructor for failure to provide proper notice. The court of appeals reversed as to the instructor and held that notice was not required under the COCA. The court reasoned as follows:

> "Plaintiff is correct that MCL 600.6431(1) expressly addresses maintaining a claim against "the state," *not* against the "the state or any of its departments or officers," which is defined to include employees but only with respect to "this section," i.e., the jurisdiction statute, MCL 600.6419—not the entire Court of Claims Act. In other words, "the state or any of its departments or officers" is a specially defined term, MCL 600.6419(7), but as denoted by the words "[a]s used in this section," the definition only applies to the term as used in the statute that confers jurisdiction on the Court of Claims, i.e., MCL 600.6419. Even the second reference in MCL 600.6431(1) is only to "the state or any of its departments, commissions, boards, institutions, arms or agencies...." Conspicuously absent in the notice statute is any reference to officers, employees, members, volunteers, or other individuals." Id at pp. 695-696.

In *Lavalli v Central Michigan University*, 2020 WL 703561 (Mich App), plaintiff, former CMU football player, sued the university and, in addition, the team doctor for medical malpractice allegedly committed in the performance of his duties for the

13

university. Following *Pike*, the court held that the COCA notice requirement did not apply to plaintiff's claims against the doctor. Id at *4.

The court finds *Pike* controlling here. The university instructor in *Pike* and the team doctor in *Lavalli* were both acting as agents of the universities and carrying out university functions. But the plaintiffs in those cases had separate and distinct claims against the individuals for their individual conduct undertaken as government employees; specifically, alleged gross negligence and malpractice. Those separate claims were not subject to the notice requirement under the language of the COCA. Similarly, plaintiff's claims here allege that defendants individually engaged in discrimination and are individually liable under the ELCRA.

This distinction was also addressed in *Carlton v Department of Corrections*, 215 Mich App 490, 500 (1996), where, in a personal injury suit by a prisoner, the court explained the difference between suits against governmental employees in their official and individual capacities:

> "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.... Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." * * * Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself. (Citations omitted).

Defendants cite nothing which suggests that *Pike* should not apply here. Defendants cite *McDowell v Fuller*, 169 Mich 332 (1912). There, defendant prison warden entered into a contract with plaintiff's assignor who sued when the contract was

terminated.  A Michigan statute authorized the warden to make the contract on behalf of the state but the statute was amended while the litigation was pending.

Unlike this case, *McDowell* involved a claim against the warden in his official, not individual, capacity: "* * * defendant Fuller is sued and declared against as 'warden of the Michigan Reformatory,' not as a private individual but as a state official, touching a contract made by him in his capacity as such Warden and while acting as agent of the state, under statutory authority, in charge of one of its penal institutions." Id at p. 336.

Defendants also cite *Breiner v State,* 344 Mich App 387, 397 (2022). But the court finds nothing at the cited page (397), or elsewhere in *Breiner*, which supports defendants' position. *Breiner* involved claims for recovery of surplus proceeds following real property foreclosures, and it was clear that any claims against government employees were official capacity lawsuits seeking redress against the governmental entities which allegedly wrongfully procured the surplus proceeds.

Finally, defendants cite *Mays v Snyder*, 323 Mich App 1, 50 (2018), aff'd sub nom. *Mays v Governor of Michigan*, 506 Mich 157 (2020). The court in *Mays* held that City emergency managers against whom water users and property owners had sued in the court of claims for personal injury and property damage from a change to city's water source were "state officers" under the court of claims Act (CCA), and thus they fell within the court of claims' jurisdiction.  However, as the *Pike* court held, the COCA's jurisdictional provisions specifically reference state officers whereas the notice provisions do not.  The COCA's jurisdictional provisions, and *Mays*, do not support defendants' argument that plaintiff was obliged to provide them with notice under the COCA.

15

## CONCLUSION

For the reasons stated, plaintiff's lawsuit is not barred by res judicata for the reason it is not an adjudication on the merits and does not involve the same parties; and for the reason plaintiff was not obligated to provide notice to the individual defendants under the COCA, the motion for summary disposition is accordingly denied, without prejudice to other grounds, and

IT IS SO ORDERED.

/s/ Brian R. Sullivan
October 28, 2024
_____
Brian R. Sullivan, Circuit Judge

This does not resolve the last issue and does not close the case.