IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SIEGFRIED LEWIS**                                                                                   **PLAINTIFF**

**v.**                          **CASE NO. 4:18-CV-00510-JWB**

**ARKANSAS STATE POLICE**                                                                **DEFENDANT**

**RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, FOR AMENDMENT OF THE JUDGMENT PURSUANT TO FED. R. CIV. P. 50(b)**

At trial, the Arkansas State Police ("ASP") presented sufficient evidence for a reasonable jury to find – as the jury in this case did – that Plaintiff Siegfried Lewis ("Lewis") was reassigned to a non-supervisory position based on legitimate performance issues and not because of his race. Lewis' Motion for Judgment as a Matter of Law and Motion For New Trial Or, In The Alternative, For Amendment Of The Judgment Pursuant To Fed. R. Civ. P. 50(b) should be denied because the proof at trial supports the jury's verdict in favor of ASP and a new trial is not necessary to prevent a miscarriage of justice.

**Rule 50 and Rule 59**

"Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." *Hopman v. Union Pac. R.R.*, 68 F.4th 394, 399 (8th Cir. 2023), cert. denied, 144 S. Ct. 1003, 218 L. Ed. 2d 21 (2024). Furthermore, "conflicts in the evidence must be resolved in favor of the verdict." *Id*. The evidence must be viewed in a the "light most favorable to the verdict." *Monohon v. BNSF Ry. Co.*, 17 F.4th 773, 780 (8th Cir. 2021). Amendment of a judgment entered after a jury verdict and the grant of a new trial after a jury verdict under Fed. R. Civ. P. 59 requires a finding that the "verdict is against the weight of the evidence and allowing it

to stand would result in a miscarriage of justice." *Structural Polymer Grp., Ltd. v. Zoltek Corp.*, 543 F.3d 987, 991 (8th Cir. 2008).

### EVIDENCE AT TRIAL

At trial, the proof showed that Lewis was reassigned because of documented performance issues over several years, with multiple examples of missed deadlines, failure to file reports, and inadequate supervision. As the Court noted when it denied Lewis' motion for judgment as a matter of law at trial, ASP presented evidence from which a reasonable jury could (and did) conclude that Lewis had long standing performance issues. See Exhibit 1, excerpt of Court's ruling from the bench on Lewis' pre-verdict motion for judgment as a matter of law. The Court ruled as follows:

> Lieutenant Sheeler, now-Captain Sheeler testified that Lewis's failure to submit reports punctually had spanned several years of it and that this issue was a recurring problem despite attempts to address it. He further testified that some plaintiff's past performance evaluations were overrated, suggesting that plaintiff's evaluations did not accurately reflect the quality of his work and that his supervisory deficiencies were more serious than previously documented.
>
> Despite Mr. Lewis receiving an above-average rating in his 2016 to 2017 evaluation, Officer Sheeler highlighted deficiencies in Lewis's administrative duties, one of the key areas in which he had been previously counseled. These evaluations, while positive overall, provide a grounds for decisions -- for defendant's decision to reassign plaintiff based on performance concern when taking the evidence in the light most favorable to the defendant, the Arkansas State Police.
>
> Comparing the evidence and disparate treatment. Plaintiff compares himself to Don Johnson, a white sergeant who also faced performance issues but was allowed to remain in his supervisory role. Plaintiff argues that this disparate treatment supports the claim of race discrimination. The defendant responded that Mr. Johnson's performance issues were not as severe as plaintiff's.
>
> A reasonable jury could conclude based on testimony from Captain Hagar and from Officer Sheeler that, while Johnson was placed on a corrective action plan, his deficiencies were not as persistent or serious as those attributed to Plaintiff Lewis. A reasonable jury could conclude that the reassignment was justified based on the longstanding issues with Lewis's supervisory duties and other issues cited in the trial testimony and his failure to address administrative tasks.

> Pretext under shifting rationales. Plaintiff also argues that defendant's stated reason for the reassignment was pretextual, citing positive performance evaluations and testimony that other sergeants with performance issues were not reassigned. But the evidence presented at trial, particularly Officer Sheeler's testimony about Lewis's delays in completing reports, provides a reasonable basis for the jury to find that the reassignment was based on legitimate performance concerns.
>
> The Eighth Circuit has held that discrepancies between performance evaluations and the employers' adverse actions can support a finding of pretext where there is evidence that the performance issues were not serious enough to justify the employment decision. Again, that's Erickson versus the Farmland case. I just cited that. 271 F.3d 718.
>
> Here Sheeler's testimony about overrated evaluations and persistent issues with the plaintiff's performance undermines plaintiff's arguments that the reassignment was unwarranted and it also then supports defendant's explanation for the decision.
>
> Considering the evidence in the light most favorable to the defendant, there is sufficient evidence for a reasonable jury to conclude that plaintiff's reassignment was based on legitimate performance issues and not race discrimination. Testimony about Lewis's ongoing performance deficiencies, including Officer Sheeler's statements regarding overrated evaluations and delayed reports, provide a legally sufficient basis for the jury to not accept plaintiff's claims.

Exhibit A, pp. 3-5.

**ARGUMENT**

Lewis' Motion must be denied because the evidence at trial was more than sufficient to support the jury's verdict. There will be no miscarriage of justice if Lewis' Motion is denied and the verdict stands. In fact, Lewis does not even assert that allowing the verdict to stand will result in a miscarriage of justice. When viewed in the light most favorable to the jury's verdict, the evidence at trial is more than sufficient to support a finding that Lewis was reassigned based on performance issues that had persisted for years – not because of his race.

As the Court already found, the jury was entitled to assess the credibility of the testimony and weight of the evidence regarding Lewis' performance and ASP's decision to reassign Lewis.

3

After assessing the witness's credibility and weighing the evidence, the Jury found in favor of ASP. Lewis' Motion for Judgment as a Matter of Law and Motion For New Trial Or, In The Alternative, For Amendment Of The Judgment Pursuant To Fed. R. Civ. P. 50(b) must be denied.

        Respectfully submitted,

        TIM GRIFFIN
        Attorney General

By:    Carl F. "Trey" Cooper, III (ABN 2007294)
        Senior Assistant Attorney General
        Laura Purvis  (ABN 2023239)
        Assistant Attorney General
        Office of the Arkansas Attorney General
        323 Center Street, Suite 200
        Little Rock, AR 72201
        Phone:  (501) 320-3085
        Fax:     (501) 682-2591
        Email: trey.cooper@arkansasag.gov
               laura.purvis@arkansasag.gov

*Attorneys for Arkansas State Police*