```
1                IN THE UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF ARKANSAS
2                         CENTRAL DIVISION

3    SIEGFREID LEWIS,
                                    No. 4:18-CV-510-JWB
4
                    Plaintiff,
5
     v.                              Friday October 4, 2024,
6                                    Little Rock, Arkansas

7    ARKANSAS STATE POLICE,

8
                    Defendant.
9

10        EXCERPT OF RULING ON PLAINTIFF'S MOTION
          BEFORE THE HONORABLE JERRY W. BLACKWELL,
11                UNITED STATES DISTRICT JUDGE

12
     APPEARANCES:
13
     On Behalf of the Plaintiff:
14
     MR. LEONARD MUNGO, Attorney at Law
15   MR. BRANDYN MUNGO, Attorney at Law
     MR. NATHAN MUNGO, Attorney at Law
16        Mungo & Mungo at Law, PLLC
          31700 Telegraph Road, Suite 250
17        Bingham Farms, Michigan 48025

18
     On Behalf of the Defendant:
19
     MR. CARL (TREY) COOPER, III, Attorney at Law
20   MS. LAURA PURVIS, Attorney at Law
          Arkansas Attorney General's Office
21        323 Center Street, Suite 200
          Little Rock, Arkansas 72201
22
23
24
25        Proceedings reported by machine stenography.  Transcript
     prepared utilizing computer-aided transcription.
```

**EXHIBIT**

**1**

B. Graham Higdon, RMR, CRR, United States Court Reporter
graham_higdon@ared.uscourts.gov (501)604-5115

| | |
|---|---|
| 1 | [BEGINNING OF EXCERPT] |
| 2 | THE COURT:  So let me respond to the plaintiff's |
| 3 | motion and then see if there's anything that the defense needs |
| 4 | to add to supplement the record. |
| 5 | MS. PURVIS:  Yes, your Honor. |
| 6 | THE COURT:  Plaintiff Siegfreid Lewis has moved for a |
| 7 | judgment as a matter of law pursuant to Federal Rule of Civil |
| 8 | Procedure 50(a) arguing that no reasonable jury could find in |
| 9 | favor of Arkansas State Police on the Title VII race |
| 10 | discrimination claims. |
| 11 | Plaintiff's motion is denied for the following reasons. |
| 12 | Under Rule 50(a), a judgment as a matter of law is |
| 13 | appropriate only if a reasonable jury would not have a legally |
| 14 | sufficient evidentiary basis to find for the nonmoving party. |
| 15 | The Court must view the evidence in the light most favorable to |
| 16 | the nonmoving party, here the Arkansas State Police, and refrain |
| 17 | from making credibility determinations or from weighing the |
| 18 | evidence. |
| 19 | So the evidence supporting the denial.  The plaintiff |
| 20 | contends that his reassignment from a supervisory role from a |
| 21 | desk job which removed his supervisory responsibilities over |
| 22 | troopers in the field was racially motivated.  But defendant has |
| 23 | provided sufficient evidence from which a reasonable jury could |
| 24 | conclude that the reassignment was based on legitimate |
| 25 | nondiscriminatory reasons related to plaintiff's performance. |

1      Now, the performance issues are the legitimate reasons.

2  Defendant presented evidence including testimony from Lieutenant

3  Jeffrey Sheeler, the supervisor responsible for plaintiff's

4  reassignment, from which a jury could conclude that Plaintiff

5  Lewis had longstanding performance issues, particularly with

6  completing reports properly and on time.

7      Lieutenant Sheeler, now-Captain Sheeler testified that

8  Lewis's failure to submit reports punctually had spanned several

9  years of it and that this issue was a recurring problem despite

10  attempts to address it.  He further testified that some

11  plaintiff's past performance evaluations were overrated,

12  suggesting that plaintiff's evaluations did not accurately

13  reflect the quality of his work and that his supervisory

14  deficiencies were more serious than previously documented.

15      Despite Mr. Lewis receiving an above-average rating in his

16  2016 to 2017 evaluation, Officer Sheeler highlighted

17  deficiencies in Lewis's administrative duties, one of the key

18  areas in which he had been previously counseled.  These

19  evaluations, while positive overall, provide a grounds for

20  decisions -- for defendant's decision to reassign plaintiff

21  based on performance concern when taking the evidence in the

22  light most favorable to the defendant, the Arkansas State

23  Police.

24      Comparing the evidence and disparate treatment.  Plaintiff

25  compares himself to Don Johnson, a white sergeant who also faced

1    performance issues but was allowed to remain in his supervisory

2    role.  Plaintiff argues that this disparate treatment supports

3    the claim of race discrimination.  The defendant responded that

4    Mr. Johnson's performance issues were not as severe as

5    plaintiff's.

6         A reasonable jury could conclude based on testimony from

7    Captain Hagar and from Officer Sheeler that, while Johnson was

8    placed on a corrective action plan, his deficiencies were not as

9    persistent or serious as those attributed to Plaintiff Lewis.  A

10   reasonable jury could conclude that the reassignment was

11   justified based on the longstanding issues with Lewis's

12   supervisory duties and other issues cited in the trial testimony

13   and his failure to address administrative tasks.

14        Pretext under shifting rationales.  Plaintiff also argues

15   that defendant's stated reason for the reassignment was

16   pretextual, citing positive performance evaluations and

17   testimony that other sergeants with performance issues were not

18   reassigned.  But the evidence presented at trial, particularly

19   Officer Sheeler's testimony about Lewis's delays in completing

20   reports, provides a reasonable basis for the jury to find that

21   the reassignment was based on legitimate performance concerns.

22        The Eighth Circuit has held that discrepancies between

23   performance evaluations and the employers' adverse actions can

24   support a finding of pretext where there is evidence that the

25   performance issues were not serious enough to justify the

1    employment decision.  Again, that's Erickson versus the Farmland

2    case.  I just cited that.  271 F.3d 718.

3        Here Sheeler's testimony about overrated evaluations and

4    persistent issues with the plaintiff's performance undermines

5    plaintiff's arguments that the reassignment was unwarranted and

6    it also then supports defendant's explanation for the decision.

7        Considering the evidence in the light most favorable to the

8    defendant, there is sufficient evidence for a reasonable jury to

9    conclude that plaintiff's reassignment was based on legitimate

10   performance issues and not race discrimination.  Testimony about

11   Lewis's ongoing performance deficiencies, including Officer

12   Sheeler's statements regarding overrated evaluations and delayed

13   reports, provide a legally sufficient basis for the jury to not

14   accept plaintiff's claims.

15       The jury is entitled to assess the credibility of this

16   testimony and the weight of the evidence regarding plaintiff's

17   performance.  Accordingly, for these reasons, plaintiff's motion

18   for directed verdict under Rule 50(a) is also denied.

19       Is there anything further?

20            MS. PURVIS:  Nothing further, your Honor.

21            THE COURT:  All right.  So we will be in recess until

22   1:00 o'clock.

23                    [END OF EXCERPT]

24

25

1                    REPORTER'S CERTIFICATE

2        I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.

3

4    /s/B. Graham Higdon, RMR, CRR   Date: November 7, 2024
    United States Court Reporter

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25