UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| Siegfried Lewis, | Civ. No. 18-510 (JWB) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S** |
| v. | **MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR** |
| Arkansas State Police, | **AMENDMENT OF THE JUDGMENT OR FOR A NEW TRIAL** |
| Defendant. | |

This employment dispute stems from Plaintiff Siegfried Lewis's allegation that the Arkansas State Police transferred him to a desk job with no supervisory responsibility over highway patrolmen because he is Black. The only claim remaining after summary judgment was Lewis's Title VII claim against the state police for the transfer. (Doc. No. 48.) The claim proceeded to a jury trial from October 1–4, 2024. After Lewis rested, both the Arkansas State Police and Lewis moved for judgment as a matter of law. Their motions were denied. (Doc. No. 170.) On October 7, 2024, the jury returned a verdict for the Arkansas State Police. (Doc. No. 175.) Judgment was entered on October 9, 2024. (Doc. No. 180.)

Lewis has now renewed his motion for judgment as a matter of law under Fed. R. Civ. P. 50(b). Alternatively, he moves to amend the judgment and for a new trial under Fed. R. Civ. P. 59.

Judgment as a matter of law is appropriate only if no reasonable jury could have found for the nonmoving party. *Hopman v. Union Pac. R.R.*, 68 F.4th 394, 399 (8th Cir. 2023). The evidence must be viewed in the light most favorable to the verdict. *Id.* A motion for a new trial based on the strength of the evidence received should be granted

only if the "verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice." *Structured Polymer Grp., Ltd. v. Zoltek Corp.*, 543 F.3d 987, 991 (8th Cir. 2008) (quotations omitted).

In a Title VII case without direct evidence of discrimination, the *McDonnell Douglas* burden-shifting framework applies. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1055 (8th Cir. 2007) (applying the burden-shifting framework to race discrimination claims). Under this framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination. Once the plaintiff makes this showing, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the employment action. Once provided, the burden then shifts back to the plaintiff to demonstrate that the defendant's reason is pretext for unlawful discrimination. *See Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011).

Lewis contends that no reasonable jury could have found there was a sufficient evidentiary basis to reach a verdict for the Arkansas State Police on Lewis's Title VII race discrimination claim. Not so. As explained in the ruling on Lewis's motion for judgment as a matter of law at the close of his case in chief, the Arkansas State Police provided sufficient evidence from which a reasonable jury could conclude that the reassignment was based on legitimate, nondiscriminatory reasons related to Lewis's performance. This included testimony from Captain Jeffrey Sheeler, Lewis's supervisor at the time of the reassignment, that Lewis's past performance evaluations were overrated, he had recurring problems with completing reports properly and on time, and

he at times had inadequate supervision of patrolmen.

The Arkansas State Police also provided sufficient evidence from which a reasonable jury could conclude the reason for the transfer was not pretext for racial discrimination. The jury heard evidence about a comparator—Don Johnson—who also faced performance issues. But Colonel Michael Hagar and Captain Sheeler testified that, while Johnson was placed on a corrective action plan, his deficiencies were not as persistent or serious as those attributed to Lewis. The jury was entitled to assess the credibility of the various witnesses who took the stand.

After considering the evidence in the light most favorable to the verdict, there was sufficient evidence for a reasonable jury to conclude that Lewis's reassignment was based on legitimate performance issues and not race discrimination. Therefore, Lewis's Motion for Judgment as a Matter of Law and Motion for a New Trial or, In the Alternative, for Amendment of the Judgment Pursuant to Fed. R. Civ. P. 50(b) (Doc. No. 181) is **DENIED**.


Date: November 21, 2024                *s/ Jerry W. Blackwell*
                                             JERRY W. BLACKWELL
                                             United States District Judge